■ WALLACE CONLEY, Respondent, v JAMES GRAVITT et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Lynch, J.), entered January 26, 1987 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for leave to serve an amended complaint.

Plaintiff was employed by defendant Montgomery Ward & Company, Inc., as a maintenance worker from February or March 1980 until he was terminated on December 3, 1980. Defendant James Gravitt was his supervisor. Plaintiff initi-

ated this lawsuit against defendants for libel, slander and wrongful discharge on or about June 10, 1981. The libel and slander suits were based on alleged statements made by Gravitt to others at about the date of plaintiff's termination. The complaint set forth the so-called defamatory words as follows: "That [plaintiff] was engaged in the habit of drinking alcoholic beverages to an excess and in the use of drugs and other immoral activities and that the plaintiff was not able to properly perform janitorial services for his employer." Answers were subsequently served which contained the affirmative defense of qualified privilege.

It was not until February 25, 1986 that plaintiff was deposed by defendants. Defendants thereafter moved for summary judgment dismissing the complaint on the basis that the asserted causes of action had no merit. Plaintiff cross-moved for leave to serve an amended complaint in order to add an alleged statement made by Gravitt in November 1980 to Raymond Jennings, Jr., in the presence of others that plaintiff "better quit smoking pot and drinking on the job". Supreme Court denied defendants' motion for summary judgment and granted plaintiff's cross motion. This appeal by defendants followed.

There should be a reversal. Supreme Court abused its discretion in granting plaintiff's cross motion for leave to serve an amended complaint. Supreme Court also erred in not dismissing the original complaint. Therefore, defendants' motion for summary judgment should be granted, plaintiff's cross motion to amend the complaint denied, and the complaint dismissed.

The decision to grant or deny leave to serve an amended pleading pursuant to CPLR 3025 (b) is addressed to the trial court's discretion (Mayers v D'Agostino, 58 NY2d 696, 698; Beuschel v Malm, 114 AD2d 569). Leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (Fahey v County of Ontario, 44 NY2d 934, 935). However, where laches exist, as here, it is an abuse of discretion to grant a motion to amend (see, e.g., Bertan v Richmond Mem. Hosp. & Health Center, 106 AD2d 362).

In the case at bar, defendants point to the fact that a witness to the newly alleged slanderous utterance, George Gwinn, has been deceased for over three years and, therefore, cannot testify at trial. The whereabouts of another witness, Fred Scott, are unknown and it appears that the only witness available is Jennings, who happens to be plaintiff's roommate. Thus, there is also some prejudice to defendants due to the

delay. Furthermore, this extended period of delay of nearly six years by plaintiff before moving to amend his complaint without an excuse for the delay requires denial of his motion to amend (see, Schroeder v Brooklyn Hosp., 119 AD2d 564, lv denied 68 NY2d 603; Bertan v Richmond Mem. Hosp. & Health Center, supra; Anos Diner v Pitios Gourmet, 100 AD2d 948; Jochnowitz v Sheehan, 42 AD2d 707). This failure to explain the extended delay and the showing of prejudice demonstrates that Supreme Court abused its discretion in granting plaintiff's motion for leave to amend his original complaint.

Turning next to the original complaint, it appears that plaintiff has failed to assert a meritorious cause of action for wrongful discharge, libel or slander. The record establishes that plaintiff was an at-will employee and thus his employment could be terminated at any time (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 305). Accordingly, defendants' summary judgment motion as to plaintiff's wrongful discharge cause of action was improperly denied.

As to the libel and slander causes of action, CPLR 3016 (a) provides: "In an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally." Judicial interpretation of this section requires that the defamatory words be set forth in haec verba (Gardner v Alexander Rent-A-Car, 28 AD2d 667; see, Kahn v Friedlander, 90 AD2d 868, 869). Plaintiff's statement of the defamatory words, however, merely paraphrases the words allegedly spoken, contrary to the requirement of CPLR 3016 (a). Summary judgment dismissing the libel and slander causes of action should therefore also have been granted.

Order reversed, on the law, without costs, motion granted, cross motion denied and complaint dismissed. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.