■ In the Matter of ANDRES OROZCO, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which, inter alia, suspended petitioner's license to practice medicine in New York for three years.

Petitioner, a psychiatrist licensed to practice medicine in New York, was charged with professional misconduct in June 1988 for engaging in sexual relations with a female patient (patient A). Following a hearing, the Regents Review Committee ultimately accepted the Hearing Panel's findings of fact and concluded that petitioner was guilty of the charges of immoral conduct, negligence on more than one occasion and moral unfitness. The Committee accepted the Commissioner of Health's recommendation that petitioner's license to practice medicine be suspended for three years with the last two years of that sentence stayed. The Board of Regents accepted the report of the Committee and respondent issued an order carrying out the Board's determination. Petitioner then commenced this proceeding to challenge respondent's determination.

Initially, petitioner contends that there was insufficient evidence in the record to establish the existence of a physician-patient relationship between himself and patient A. We cannot agree. The question of whether a physician's conduct occurred in the course of a physician-patient relationship is a factual question to be resolved by the trier of fact (*Matter of Shephard v Ambach,* 68 AD2d 984, 985). As found by the Hearing Panel, patient A was administered psychiatric treatment by petitioner at the Soundview Throgsneck Medical Center in The Bronx from December 1984 to October 1985. In November 1985, petitioner and patient A met on two occasions at a store, apparently by chance, and petitioner gave patient A a prescription for antidepressant medication at the first meeting. Petitioner and patient A then began a sexual relationship which was conducted at various motels between December 1985 and January 1987. On those occasions, there was evidence that petitioner gave patient A further prescriptions. Patient A's file at Soundview remained open until March 1986 and, in September 1986, petitioner signed a letter to another hospital detailing patient A's mental history, status and his diagnostic impression. We conclude that there is adequate evidence in the record to support the factual determination that a physician-patient relationship was established at Soundview and that this relationship continued throughout the time petitioner later prescribed antidepressant medication for patient A in the course of their ensuing sexual relationship (*see, Matter of Ackerman v Ambach,* 142 AD2d 842, 844, *affd* 73 NY2d 323).

Next, we reject petitioner's argument that his sexual relationship with patient A constituted one event and, as such,

cannot constitute "negligence or incompetence on more than one occasion" (Education Law § 6509 [2]). Patient A testified that she and petitioner engaged in sexual intercourse on approximately 12 occasions between December 1985 and January 1987 at different motels and that petitioner gave her various prescriptions during these encounters. The Hearing Panel found that by writing prescriptions for patient A at motels more than once and by engaging in sexual intercourse with patient A more than once, petitioner failed to exercise the care that would be exercised by a reasonably prudent physician under the circumstances. Petitioner committed a separate act of negligence each time he made a decision to go to a motel where he engaged in sexual intercourse and issued prescriptions for patient A. Clearly, these incidents could properly be labeled "distinct events of some duration during which an act or acts amounting to ordinary negligence occur[red]" *(Matter of Yong-Myun Rho v Ambach,* 74 NY2d 318, 322).

The remaining contentions advanced by petitioner have been examined and have been found to be unpersuasive. In our view, the statement of charges sufficiently apprised petitioner of the charges against him and respondent's determination was properly based upon those charges. As for the penalty imposed, we do not find that it was so disproportional to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). As the Commissioner of Health noted, a psychiatrist's sexual exploitation of a patient is the "type of behavior [which] must be unequivocally condemned by the profession and the State. Actual suspension will convey the appropriate message to [petitioner] that the State will not minimize his abuse of his professional privileges."

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.