■ In the Matter of GUMERSINDO PETA CARRERA, Petitioner, v THOMAS SOBOL, as Commissioner of Education, Respondent. —Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which, inter alia, suspended petitioner's license to practice medicine in New York for one year.

Petitioner seeks review of respondent's determination imposing sanctions against his medical license, claiming that it is unsupported by a preponderance of the evidence as required by law (see, Public Health Law § 230 [10] [f]). In February 1988, the Office of Professional Medical Conduct (hereinafter OPMC) brought charges against petitioner, a licensed New York City gynecologist, stemming from an office visit by a patient (hereinafter referred to as patient A) during which petitioner engaged in an unconsented to sexual touching of patient A "for no medical purpose". Petitioner was charged with two counts of professional misconduct (see, Education Law § 6509 [9]) for willful abuse of a patient (see, 8 NYCRR 29.2 [2]) and conduct evidencing moral unfitness to practice the profession (see, 8 NYCRR 29.1 [b] [5]).

Patient A testified at petitioner's hearing before OPMC's Hearing Committee, as did petitioner and petitioner's wife who, as his receptionist, testified to being in the examination room during the incident at issue. Dr. Sharon Diamond, a licensed gynecologist to whom patient A had relayed the incident, also testified. Patient A testified regarding her visit to petitioner's office on the day at issue, her protests to petitioner that an examination was unnecessary, and the

subsequent sexual touching by petitioner immediately following her gynecological examination. Petitioner testified and admitted to examining patient A but denied any wrongful conduct, hypothesizing that patient A had fantasized the incident. Petitioner's wife essentially corroborated petitioner's version of patient A's office visit.

It was also revealed at the hearing that before the incident, petitioner had indicated to patient A that he was looking for a part-time receptionist and that approximately one month after the incident, petitioner telephoned patient A to determine her interest in the position. This led to the taping of a subsequent telephone conversation between patient A and petitioner, during which, when confronted with patient A's concern over the office visit, petitioner remarked, "[D]on't you worry, forget it. Let's figure it never happened", and "we don't have to do anything like that, of course". When patient A stated "what you did after [the examination] that was what I didn't like. You stimulated me until I . . .", petitioner replied, "No, no, it was not my intention, it seems to me that * * * I don't know * * * I didn't have any intention of anything like that. You know. It happened, it happened, there is nothing wrong with that. Forget it. You don't like those things, it it won't happen again." A transcript of the conversation, translated from Spanish to English, was admitted into evidence at the hearing.

The Hearing Committee found none of the principal witnesses to be "completely credible" but concluded that, following petitioner's examination of patient A and "while Patient A was still on the examining table, something happened; the [petitioner] touched Patient A in some way, to which Patient A had a sexual response". The Hearing Committee also determined that both parties were discussing "the same thing" during the taped telephone conversation but that petitioner's explanation, that patient A was merely expressing her potential embarrassment at working for her gynecologist, was implausible. The Hearing Committee recommended dismissal of the charges against petitioner, concluding that due to the conflicting testimony, the allegations had not been proven by a preponderance of the credible evidence. The Commissioner of Health rejected the finding of not guilty and modified the Hearing Committee's findings to indicate, *inter alia,* that petitioner "intentionally touched Patient A to arouse her sexually". The Regents Review Committee recommended that the modified version of the Hearing Committee's findings be accepted and that petitioner be found guilty of the charges by

a preponderance of the evidence. The Board of Regents accepted the recommendation and respondent issued an order suspending petitioner's license for one year on each charge, with the concurrent suspensions to be stayed and petitioner placed on three years' probation. This proceeding challenging that suspension followed.

The determination should be confirmed and the petition dismissed. "Bearing in mind that appellate review of determinations made by administrative agencies is not a de novo undertaking but one limited to inquiring whether substantial evidence exists to support the decision made and that capriciousness is absent" *(Matter of Block v Ambach,* 140 AD2d 814, 816, *affd* 73 NY2d 323), we find that respondent's determination of petitioner's guilt by a preponderance of the evidence *(see,* Public Health Law § 230 [10] [f]) is fully supported by substantial evidence in the record *(see, Matter of Prokopiw v Commissioner of Educ.,* 149 AD2d 874, 875, *appeal dismissed* 75 NY2d 809; *Matter of Nadell v Ambach,* 136 AD2d 804, 806). We reject petitioner's contention that there is insufficient evidence in the record to support the modifications made to the Hearing Committee's findings of fact. Notwithstanding the considerable weight to be placed on a hearing body's factual findings, it is the province of the Board of Regents to resolve factual issues and determine witness credibility *(see, Matter of Reisner v Board of Regents,* 142 AD2d 22, 27). Although somewhat inconsistent as a whole, patient A's testimony regarding the specific culpable conduct upon which petitioner's guilt is based was sufficiently corroborated by both Dr. Diamond's testimony and the telephone conversation transcript to support the modifications made to the original findings of fact *(see, Matter of Andreski v Commissioner of Educ. of State of N. Y.,* 159 AD2d 824). Furthermore, we find nothing "out of context" about the Board's interpretation of the taped telephone conversation, which was properly admitted according to evidentiary standards applicable to administrative proceedings *(see, Matter of Damino v Board of Regents,* 124 AD2d 271, 272, *lv denied* 70 NY2d 613). Accordingly, we find ample support in the record to sustain the determination.

Finally, we are strongly disinclined to accept petitioner's argument that the penalty imposed manifests doubt on the part of the Board of Regents regarding petitioner's guilt. Our view of the penalty imposed, in context with the circumstances of this case, leads us to the conclusion that the stayed suspension and probation was in all respects proper.

Determination confirmed, and petition dismissed, without

costs. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.