■ In the Matter of DANIEL R. HODGE, Petitioner, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents.— Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which, *inter alia,* suspended petitioner's license to practice medicine in New York for three years.

Following a hearing before a Hearing Committee of the State Board for Professional Medical Conduct, petitioner, a physician licensed to practice in New York, was found guilty of negligence on more than one occasion with respect to nine patients, incompetence on more than one occasion with respect to three patients, fraudulent practice with respect to one patient, unprofessional conduct in failing to maintain an accurate medical record with respect to one patient, unprofessional conduct in verbally harassing, abusing or intimidating two patients, and revealing personally identifiable information about two patients without their permission. Ultimately, respondent Commissioner of Education suspended petitioner's license to practice medicine for three years with execution of the last 33 months stayed, at which time petitioner was to be placed on probation for 33 months with certain conditions. Petitioner thereafter commenced this CPLR article 78 proceeding seeking principally to annul the Commissioner's determination.

Initially, we find that the Commissioner's determination was supported by substantial evidence. In proceedings such as this, appellate review is limited and the Commissioner's determination must be sustained "if the finding of the physician's deficiencies is supported by substantial evidence in the record" *(Matter of Hirose v Sobol,* 167 AD2d 570, 571; *see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231). Following 17 scheduled days of hearings extending almost a year, petitioner was found guilty of serious deficiencies in his professional practice. Testimony from a medical expert, petitioner's co-workers and colleagues sufficiently established, among other things, that petitioner failed on several occasions to take adequate patient histories, perform required physical examinations, perform appropriate diagnostic tests and prescribe necessary medication.

Aside from petitioner's meritless claim that he was denied due process in the course of these extensive proceedings, petitioner also vigorously attacks the qualifications and objectivity of the State's medical expert, Milton Lurin, who testified as to the inadequacies of petitioner's medical practices. It is well settled that, despite petitioner's disagreement with Lurin's medical conclusions, the weight to be accorded the testimony of an expert is the responsibility of the triers of fact to determine (Education Law § 6510-a [2]; *see, Matter of Stein v Board of Regents,* 169 AD2d 857) and is beyond the purview of our limited scope of review in circumstances such as these *(see, Matter of Hirose v Sobol, supra).* As for petitioner's claims

that the disciplinary proceeding herein was part of a conspiracy against him, we note that no evidence has been submitted by petitioner to support these attacks other than petitioner's own conclusory and unsubstantiated allegations *(see, e.g., Matter of Major v Board of Regents,* 160 AD2d 1041, 1043, *lv denied* 76 NY2d 705).

Finally, with respect to the imposed penalty, we fail to find it " 'so disproportionate to the offense * * * as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ., supra,* at 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364) that we will intervene to annul it *(see, Matter of Stein v Board of Regents, supra).* Petitioner takes particular issue with the conditions imposed upon his probation, which includes petitioner submitting to a psychiatric examination to determine his fitness to practice medicine and requiring that petitioner participate in a counseling program during the period of probation. Under the unusual circumstances of this case, however, we find the challenged conditions to be reasonable. This court has recognized in the past the use of psychiatric evaluations and therapy as an allowed penalty *(see, Matter of Hening v Ambach,* 132 AD2d 783, 783-784, *appeal dismissed* 70 NY2d 926, *lv denied* 72 NY2d 802, *cert denied* 488 US 1008). Notably, while the hearing was pending, the Hearing Committee ordered petitioner to submit to a psychiatric examination and evaluation. It was the opinion of the examining psychiatrist that petitioner has a personality disorder of the narcissistic type. The Hearing Committee specifically found that diagnosis credible in light of the erratic behavior petitioner displayed during the course of the hearing. The Hearing Committee also concluded that petitioner's narcissistic personality disorder "interferred *[sic]* with his care of patients in that he relied on an exaggerated sense of his own abilities resulting in his not ordering simple * * * tests and performing adequate physical examinations, all of which resulted in [petitioner] reaching premature conclusions and misdiagnoses".

Clearly, the situation at bar differs from the one presented in *Matter of Krasowski v State Educ. Dept.* (132 AD2d 120, *appeal dismissed* 71 NY2d 890) in that not only was petitioner not found to be free of impairment during the instant hearing process, but there also appears to be some causal link between factual allegations underlying the sustained misconduct and the later order requiring psychological intervention. Accordingly, the probation conditions, including the one requiring that petitioner's practice be monitored by a preapproved

physician in the event that his practice is resumed, appear rational under these circumstances and will not be disturbed by this court.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.