■ In the Matter of EUGENE EDELMAN, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

A hearing was conducted before a Hearing Committee of the State Board for Professional Medical Conduct to consider charges of misconduct levied against petitioner, a general surgeon, concerning his treatment of five patients denominated as patients A, B, C, D and E. Following the close of evidence, the Hearing Committee found petitioner guilty of gross negligence with respect to patients C and E and negligence on more than one occasion with respect to patients A and B. The Hearing Committee also recommended that the misconduct charges stemming from petitioner's treatment of patient D be dismissed, but that petitioner's license to practice medicine be revoked. Thereafter, before the Regents Review Committee could consider the matter, petitioner successfully sought to have the hearing reopened to consider newly discovered evidence concerning patient C. After conclusion of the reopened hearing, the Hearing Committee reaffirmed its conclusions as to that patient. At the subsequent proceedings before the Regents Review Committee, petitioner again moved to reopen the hearing but the motion was denied. The Regents Review Committee ultimately recommended that the Hearing Committee's recommendations as to guilt and penalty be

adopted in their entirety. The Board of Regents agreed and respondent thereafter revoked petitioner's license to practice medicine in New York. Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination.*

We confirm. Upon review of all the evidence in this matter, it is our view that respondent's determination that petitioner's guilt was established by a preponderance of the evidence is fully supported by substantial evidence in the record (see, *Matter of Carrera v Sobol*, 163 AD2d 706, 708, *affd* 77 NY2d 931; *Matter of Prokopiw v Commissioner of Educ.*, 149 AD2d 874, 874-875, *appeal dismissed* 75 NY2d 809). Over the course of the nine-day hearing, serious deficiencies in petitioner's medical practice were established with the aid of expert testimony and other evidence. The proof supporting respondent's findings of guilt established, among other things, that petitioner failed to perform necessary examinations and procedures during surgery, failed to render proper postoperative care and did not take proper operative notes and patient histories. Although expert testimony presented by both petitioner and the Office of Professional Medical Conduct did conflict, it is well settled that the weight to be accorded expert testimony in these matters is the responsibility of the trier of fact and is beyond this court's limited powers of review (Education Law § 6510-a [2]; *see, Matter of Hodge v New York State Dept. of Educ.*, 172 AD2d 891; *Matter of Stein v Board of Regents*, 169 AD2d 857, *lv denied* 77 NY2d 810).

Petitioner also contends that the imposed penalty of revocation was "shocking to one's sense of fairness" or "disproportionate to the misconduct" *(Matter of Pell v Board of Educ.*, 34 NY2d 222, 234). We cannot agree. Although petitioner claims that respondent impermissibly considered the "dire results" that occurred to certain of petitioner's patients as a result of his misconduct, the Court of Appeals has noted previously that the harm or risk of harm to the public is an appropriate consideration when determining a sanction (see, *supra,* at 234; *see also, Matter of Stein v Board of Regents, supra).* Additionally, the mere fact that respondent may have imposed lesser penalties to other licensees for similar transgressions in the past is not dispositive (see, *Matter of Alaimo v Ambach,* 91 AD2d 695, 696, *lv denied* 58 NY2d 607) as each

---

* Petitioner unsuccessfully sought a stay of respondent's determination until such time as the matter was reviewed by this court. However, petitioner's motion to amend his petition to add additional allegations was granted.

case is judged according to its own peculiar facts and circumstances. Based on the evidence presented in this case, we find no impropriety in respondent's determination of penalty.

The remaining arguments raised by petitioner have been examined and found to be lacking in merit. Despite petitioner's contentions otherwise, the Regents Review Committee did not abuse its discretion in denying petitioner's second motion to reopen the hearing so that petitioner could submit a letter that allegedly could have impeached the credibility of one of the experts who testified against petitioner at the hearing. As respondent points out, petitioner was aware of this letter before the hearing commenced and, inasmuch as petitioner gives no explanation as to why this letter could not have been obtained in the exercise of due diligence, there was no abuse of discretion in not reopening the hearing a second time *(see, Matter of Gagliardi v Department of Motor Vehicles,* 144 AD2d 882, 883, *lv denied* 74 NY2d 606). As for petitioner's contention that the Hearing Committee was allegedly improperly appointed, we note that petitioner failed to advance this claim at the administrative level. We have held in the past that this type of issue will not be preserved for our review in such circumstances *(see, e.g., Matter of Sasson v Commissioner of Educ.,* 127 AD2d 875, 876).

Mahoney, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.