■ In the Matter of JOHN C. SOMBERG, Petitioner, v THOMAS SOBOL, as Commissioner of Education, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which, *inter alia,* suspended petitioner's license to practice medicine in New York for one year.

On June 15, 1989, petitioner, a licensed physician, was charged by the State Board for Professional Medical Conduct (hereinafter State Board) with practicing medicine fraudulently (Education Law § 6509 [2]) and with committing unprofessional conduct by willfully making and filing a false report (Education Law § 6509 [1]). These charges stemmed from

petitioner's submissions to his former employer, the Albert Einstein School of Medicine, and to affiliated hospitals, which falsely stated that petitioner was board-certified in internal medicine and cardiology when in fact he was not.

Following a hearing before the State Board on these charges, a Hearing Committee sustained both charges and recommended that petitioner receive a penalty of censure and reprimand, and be fined $10,000. The Commissioner of Health recommended that the findings and conclusions of the Hearing Committee be accepted, but recommended as to penalty that petitioner receive a stayed suspension of his license along with a $10,000 fine. The Regents Review Committee basically accepted the findings of fact of the Hearing Committee and the Commissioner of Health with a few changes. Notably, the Regents Review Committee included a finding that petitioner intentionally misrepresented his credentials. With respect to penalty, however, it was recommended that the Hearing Committee's suggested penalty be adopted. Thereafter, respondent Board of Regents voted to accept the findings of fact of the Hearing Committee, as modified by the Regents Review Committee. As to penalty, the Board of Regents imposed concurrent, stayed, one-year suspensions on each specification of the charges, ordered probation and fined petitioner $10,000. Respondent Commissioner of Education effectuated this decision and petitioner commenced this CPLR article 78 proceeding to challenge this determination.

We confirm. The sole issue to be considered is the propriety of the penalty imposed by the Board of Regents since petitioner does not challenge his determination of guilt. We must note initially that petitioner contends that, with respect to penalty, the Board of Regents improperly relied on a statement by the Commissioner of Health that petitioner alleges was based on a finding outside the record. Regardless of the merits of this claim regarding the Commissioner of Health's statement, however, we can find no impropriety since the record fails to demonstrate that the penalty imposed by the Board of Regents was *based* on this statement. There is no question that "[t]he Board of Regents is singularly responsible for imposing appropriate penalties" *(Matter of D'Amico v Commissioner of Educ. of State of N. Y.,* 167 AD2d 769, 771). Significantly, the order of the Board of Regents specifically states that the penalty was imposed based on its own review of the record. In the absence of any evidence that the Board of Regents failed to fulfill its exclusive duty to independently

determine the appropriate penalty *(see, supra; see also,* Education Law § 6510-a [2]; § 6511), petitioner's arguments must fail.

Finally, with respect to the ultimate penalty imposed, we must reject petitioner's contention that it was harsh and excessive. In order for us to interfere and disturb an imposed penalty we must find it to be so disproportionately harsh as to be " 'shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 234; *see also, Matter of Hodge v New York State Dept. of Educ.,* 172 AD2d 891, *appeal dismissed, lv denied* 78 NY2d 950, *cert denied* — US —, 112 S Ct 408). In view of the evidence in the record establishing that petitioner repeatedly and deliberately lied about his qualifications over a significant period of time, we do not find the penalty to be excessive. Although petitioner points to evidence in the record indicating that he did not need to lie to maintain his job or his standing in the medical community, these facts do not make his behavior more excusable. In effect, petitioner is stating that he lied for the sake of lying, which is hardly a sympathetic position. In any event, we find the penalty imposed to be rational and consistent with the evidence presented.

Mahoney, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.