■ In the Matter of DAVID G. LA POINTE, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law former § 6510-a [4]) to review a determination of respondent Commissioner of Education which, *inter alia,* suspended petitioner's license to practice medicine in New York for two years.

On September 5, 1985 patient A was admitted to Glens Falls Hospital in Warren County by her treating physician, Lawrence Greenberg. On September 10, 1985 Greenberg performed surgery on patient A to correct a perforated diverticulitis and petitioner, at Greenberg's request, acted as the assistant surgeon. Upon opening patient A's abdomen, Greenberg was confronted with numerous adhesions which were due to prior surgery and which, in Greenberg's opinion, prevented his reaching patient A's affected areas. As a result Greenberg decided to terminate the surgery without performing an intestinal reanastomosis (reconnection of the bowel). This placed patient A's life in immediate danger due to fecal contamination of the abdomen.

Petitioner, realizing the lethal consequences of failing to perform a reanastomosis, advised Greenberg that he should not close the abdomen without reconnecting the bowel, suggested that another surgeon be called in to do so and offered to take over the operation himself. Greenberg rejected all of petitioner's suggestions because he believed that the situation was not salvageable and that patient A was terminal. Greenberg concluded the surgery after which petitioner left the

hospital without taking steps to have a reoperation performed. Sometime later, a nurse contacted William Ellis, the manager of the Medical Staff Organization and Quality Assurance, and informed him that Greenberg had begun an intestinal resection of patient A but had terminated the procedure without reanastomosing the bowel. Ellis contacted John Bulova, Chief of Surgery, who concluded that a reoperation was to be performed or patient A would die. Thereafter, patient A was reoperated on and sent to the recovery room.

In January 1988, the State Board for Professional Medical Conduct issued a statement of charges against petitioner and, after a hearing and administrative review, petitioner was found guilty of unprofessional conduct in abandoning patient A, who was in need of immediate professional care, without making reasonable arrangements for a reoperation to reconnect her bowel (see, 8 NYCRR 29.2 [a] [1]). Petitioner commenced this CPLR article 78 proceeding challenging that determination.

In this proceeding petitioner asserts that Greenberg was patient A's attending physician who was contractually obligated to care for the patient while petitioner was merely the assistant surgeon. He further argues that because there was no proof of a physician-patient relationship between him and patient A, he could not be guilty of abandoning or neglecting patient A. We do not agree. The question of whether a physician's conduct occurred in the course of a physician-patient relationship is a factual one to be resolved by the trier of fact (see, Matter of Orozco v Sobol, 162 AD2d 834). As found by the hearing panel, petitioner affirmatively undertook to assist Greenberg in the surgical procedure and it can be argued that in so doing he treated patient A. It has been held that a physician-patient relationship exists where a physician affirmatively undertakes to treat a person (see, Lee v City of New York, 162 AD2d 34, 36, lv denied 78 NY2d 863). Moreover, the medical expert for the State Board for Professional Medical Conduct testified, regarding the obligations of surgical assistants, that what goes on during surgery has implications beyond the operation. We conclude that there is adequate evidence in the record that a physician-patient relationship was established between petitioner and patient A and that the relationship continued after the surgery was completed.

The question then distills to whether the determination of guilt by a preponderance of evidence is supported by substantial evidence in the record (see, Matter of Carrera v Sobol, 163 AD2d 706, 708, affd 77 NY2d 931). Carl Brandenberg, a

thoracic surgeon, testified as an expert on behalf of the State Board for Professional Medical Conduct. It was his opinion based upon a reasonable degree of medical certainty that an assisting surgeon, in a case such as patient A's, should persuade the attending physician to continue the operation; or persuade the attending physician to let the assisting surgeon conclude the operation; persuade the attending physician to seek additional help to conclude the operation or, failing that, at the conclusion of the operation go to whatever authority is appropriate or available to see that a reoperation is undertaken. Given the fact that the weight to be accorded expert testimony is the responsibility of the trier of the fact and beyond our limited powers of review (see, Matter of Edelman v Sobol, 174 AD2d 896, appeal dismissed 78 NY2d 1006), we conclude that the determination is fully supported by substantial evidence in the record. We have examined petitioner's remaining contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.