(December 17, 1992)

◼ In the Matter of SUENDRA SHARMA, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law former § 6510-a [4]) to review a determination of respondent

which revoked petitioner's license to practice medicine in New York.

In August 1990, the State Board for Professional Medical Conduct charged petitioner, a licensed physician specializing in cardiology, with six charges of professional misconduct arising out of three separate incidents: (1) petitioner's insertion of his ungloved finger into patient A's vagina on two occasions during an appointment for an echocardiogram in October 1984, (2) petitioner's insertion of his ungloved finger into patient B's vagina during a cardiology consultation in January 1986, and (3) petitioner's efforts to persuade nurse C that she was present during petitioner's entire examination of patient B when, in fact, she was not present during the entire examination. Following an administrative hearing at which, among others, patient A, patient B and nurse C testified, the Hearing Committee sustained all six specifications against petitioner in full or in part and recommended that his license to practice medicine be revoked. Upon recommendation of the Commissioner of Health, the Hearing Committee's findings, conclusions and recommendations as to penalty were accepted by the Regents Review Committee and the Board of Regents with minor modification. An order was entered July 26, 1991 revoking petitioner's license to practice medicine upon each specification upon which a finding of guilt was made. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination.

Initially, there is merit to the contention that petitioner was denied a fair hearing with respect to specifications 3 and 6, alleging petitioner's efforts to pressure nurse C into giving false testimony, as a direct result of the Department of Health's inordinate delay in bringing the charges against petitioner. It is petitioner's position that nurse C was present in the room during his entire examination of patient B and that her contrary recollection is mistaken. At the hearing, petitioner denied that he attempted to convince nurse C that she was present during the entire examination, testifying that he merely asked her whether he "recall[ed] correctly that [she was] there when the physical examination took place". Nurse C was most uncertain in her testimony. She first stated, "It's very difficult to remember * * * all the details, but I do believe that he wanted me to say that I was in the room with him all the time." However, her response to the very next question was, "I don't know whether he wanted me to say that I was in the room all the time." At no time did nurse C indicate the actual words uttered by petitioner. Rather, she

stated only her uncertain recollection of the conclusion which she drew from them.

Because individuals are known to vary considerably in the impressions or conclusions that they draw from given words, a charge or claim based upon an actor's statement must be supported by reasonably certain proof of the words actually spoken *(see, e.g.,* CPLR 3016 [a], [b]; *Conley v Gravitt,* 133 AD2d 966; *Kaufman v Kaufman,* 127 AD2d 463). For the same reason, a witness is not entitled to testify as to her perception of the speaker's meaning; rather, it is for the trier of fact to determine the reasonable conclusions to be drawn from the utterance *(see, Rovira v Boget,* 240 NY 314). Because the passage of approximately four years following petitioner's alleged commission of the acts forming the basis for specifications 3 and 6 deprived nurse C of the ability to testify with reasonable certainty as to the statements actually made by petitioner *(see, Conley v Gravitt, supra,* at 967-968), it is our view that actual prejudice has resulted from the delay in commencement of the proceedings *(see,* State Administrative Procedure Act § 301 [1]; *compare, Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 177, *cert denied* 476 US 1115; *Matter of Matala v Board of Regents,* 183 AD2d 953; *Matter of Stein v Board of Regents,* 169 AD2d 857, 859, *lv denied* 77 NY2d 810, *cert denied* — US —, 112 S Ct 372; *Matter of Rojas v Sobol,* 167 AD2d 707, 708, *lv denied* 77 NY2d 806). Accordingly, respondent's determination with respect to specifications 3 and 6 must be annulled.

Petitioner's remaining contentions lack merit and do not warrant extended discussion. Although a panel member did miss one entire hearing session and approximately one hour of another, the record establishes that the transcripts of the missed proceedings were available to and in fact read by her *(see, Matter of Laverne v Sobol,* 149 AD2d 758, 761, *lv denied* 74 NY2d 610; *see also, Matter of Osher v University of State of N. Y.,* 162 AD2d 849). The testimony of patient A and patient B provided substantial evidence for the determination of petitioner's guilt with respect to specifications 1, 2, 4 and 5 by a preponderance of the evidence *(see, Matter of Briggs v Board of Regents,* 188 AD2d 836 [decided herewith]; *Matter of Morrissey v Sobol,* 176 AD2d 1147, 1148, *lv denied* 79 NY2d 754). The contrary evidence presented by petitioner merely presented a credibility issue which the Board of Regents was free to resolve against him *(see, Matter of Briggs v Board of Regents, supra; Matter of Matala v Board of Regents, supra).* Finally, in view of the nature of petitioner's misconduct, the penalty

imposed was by no means excessive. Because petitioner's license was revoked with respect to each specification of misconduct and the findings of guilt with respect to specifications 1, 2, 4 and 5 justify revocation of petitioner's license to practice medicine, our annulment of the determination with respect to specifications 3 and 6 does not require remittal for reconsideration of the penalty imposed (see, Matter of Morrissey v Sobol, supra, at 1150-1151).

Yesawich Jr., J. P., Levine, Mahoney and Harvey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as sustained the finding of guilt of specifications 3 and 6, and, as so modified, confirmed.