■ In the Matter of ROBERTO DE PAULA, Petitioner, v THOMAS SOBOL, as Commissioner of the State of New York, et al., Respondents. [594 NYS2d 899] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law former § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed psychiatrist, was charged by the State Board for Professional Medical Conduct with seven specifications of misconduct. Specifically, petitioner was charged with having been convicted of an act constituting a crime, willful abuse of a patient, gross negligence, negligence on more than one occasion, immoral conduct, practicing the profession fraudulently and failure to maintain patient records.[1] The charges stemmed from petitioner's conviction upon a plea of guilty to the felony of offering a false statement for filing in the first degree, his fraudulent billing of a private insurance carrier in connection with his treatment of patient A and her family, and his involvement in a sexual relationship with patient A.

Following an administrative hearing, the Hearing Committee recommended that petitioner be found guilty of all charges except practicing with negligence on more than one occasion

---

1. The statement of charges was subsequently amended to include additional factual allegations regarding the charge of practicing the profession fraudulently.

and that petitioner receive a five-year stayed suspension and be placed on probation. The Commissioner of Health, through the Director of Public Health, recommended that the Hearing Committee's findings of fact and conclusions of law be accepted but, *inter alia,* modified the suggested penalty.

After reviewing the record and hearing oral argument, the Regents Review Committee, *inter alia,* found that the 10 alleged instances of sexual contact between petitioner and patient A constituted distinct events and therefore recommended that petitioner be found guilty of negligence on more than one occasion. The Regents Review Committee further found that petitioner intentionally submitted false bills to the private insurance carrier for numerous dates of treatment not actually rendered to patient B (patient A's daughter) and patient B's sister. Accordingly, the Regents Review Committee recommended that petitioner be found guilty of all charges, that petitioner's license to practice medicine be suspended for five years (57 months stayed) and that petitioner be placed on probation. Thereafter, respondent Board of Regents accepted the Regents Review Committee's findings and recommendations as to guilt but, based upon a more serious view of the alleged misconduct, revoked petitioner's license to practice medicine upon each specification; respondent Commissioner of Education issued an order to that effect. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the determination.[2]

Initially, we reject petitioner's contention that the determination of his guilt by a preponderance of the evidence is not supported by substantial evidence in the record *(see, Matter of Edelman v Sobol,* 174 AD2d 896, 897, *appeal dismissed* 78 NY2d 1006; *Matter of Carrera v Sobol,* 163 AD2d 706, 708, *affd* 77 NY2d 931). Contrary to petitioner's assertion, a medical professional may be found guilty of professional misconduct *(see,* Education Law § 6509 [5] [a] [i] [commission of an act constituting a crime]) based solely upon proof of conviction *(see, Matter of Paiano v Sobol,* 175 AD2d 367, 368-369, *appeal dismissed* 78 NY2d 1071, *lv denied* 79 NY2d 752).

As for petitioner's claim that he did not engage in a sexual relationship with patient A while he was actually treating her, it is well settled that "[t]he question of whether a physician's conduct occurred in the course of a physician-patient relationship is a factual one to be resolved by the trier of fact"

2. Petitioner's request for a stay pending appeal was denied by this Court.

(Matter of La Pointe v Sobol, 185 AD2d 462, 463; see, Matter of Wharton v Sobol, 180 AD2d 978, 979, lv denied 80 NY2d 752; Matter of Orozco v Sobol, 162 AD2d 834, 835). Here, the record reveals that petitioner was called for a consultation with patient A's family in May 1981; patient A's daughter, patient B, was suffering from leukemia and petitioner was asked to provide grief counseling for patient A and her family. Petitioner testified at an examination before trial conducted in the malpractice action brought by patient A and her husband that he stopped treating patient A's family in mid-1982 but continued to see patient A professionally until the fall of 1983; petitioner testified that his professional relationship with patient A ended at this point because there was no money or insurance coverage to pay for continued therapy.[3] A few months after what petitioner considered to be the end of his professional relationship with patient A, he began seeing her as "a friend" and thereafter had sexual relations with patient A on approximately 10 to 20 occasions between the end of 1983 and the fall of 1986. During this same time period, petitioner also spoke with patient A on the telephone and wrote various prescriptions for her.

A psychiatrist testifying on behalf of the Office of Professional Medical Conduct stated that these meetings and phone calls and the issuance of prescriptions to patient A were all indicia of a continuing professional relationship. Plainly, this testimony and petitioner's own admissions provide substantial evidence to support both the finding of a continuing doctor-patient relationship and the determination that petitioner was guilty of immoral conduct, willful abuse of a patient (see generally, Matter of Bassim v Sobol, 178 AD2d 787, 788-789, appeal dismissed, lv denied 79 NY2d 941), gross negligence (see generally, Matter of Spero v Board of Regents, 158 AD2d 763, 764) and negligence on more than one occasion (see, Matter of Orozco v Sobol, 162 AD2d 834, 835, supra). As for the remaining specifications, we are of the view that petitioner's own testimony regarding his recordkeeping and billing practices provides substantial evidence for the finding that petitioner was guilty of practicing the profession fraudulently (see, Education Law § 6509 [2]; Matter of Berger v Board of Regents, 178 AD2d 748, 750-751, appeal dismissed 79 NY2d 977, lv denied 80 NY2d 918) and failing to maintain adequate patient records (see, 8 NYCRR 29.2 [a] [3]; Matter of Suslovich v New York State Educ. Dept., 174 AD2d 802, 803-804).

---

3. A transcript of petitioner's examination before trial testimony was admitted into evidence at the administrative hearing.

The remaining issues raised by petitioner do not merit extended discussion. With respect to petitioner's claim that the failure to provide him with a copy of the Regents Review Committee's report prior to the Board of Regents' determination violated his right to due process, this Court has previously considered and rejected this very argument *(see, Matter of Beldengreen v Sobol,* 175 AD2d 423, 424-425; *Matter of Eisenberg v Sobol,* 156 AD2d 787, 789). Similarly unavailing is petitioner's contention that he was denied due process due to the delay in bringing the charges at issue; petitioner has failed to demonstrate any actual prejudice caused by the delay in instituting the disciplinary proceeding *(see, Matter of Matala v Board of Regents,* 183 AD2d 953, 956; *cf., Matter of Sharma v Sobol,* 188 AD2d 833, 835).

As to the penalty, it is well settled that "[i]n reviewing the propriety of physician discipline, we are restricted to determining only whether the penalty is so incommensurate with the offense as to shock one's sense of fairness" *(Matter of D'Amico v Commissioner of Educ. of State of N. Y.,* 167 AD2d 769, 771; *see, Matter of Somberg v Sobol,* 178 AD2d 785, 787). Given the nature of petitioner's conduct, we see no reason to disturb the penalty imposed. Petitioner's claim that others guilty of similar transgressions have been dealt with less severely does not justify a modification of his penalty *(see, Matter of Sung Ho Kim v Board of Regents,* 172 AD2d 880, 882, *lv denied* 78 NY2d 856; *Matter of Eisenberg v Sobol, supra).* We have examined the remaining arguments advanced by petitioner and find them to be lacking in merit.

Yesawich Jr., J. P., Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

