■ In the Matter of TONG SENG TJOA, Petitioner, v HENRY A. FERNANDEZ, as Deputy Commissioner of Education of the State of New York, Respondent. [598 NYS2d 868] —Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law former § 6510-a [4]) to

review a determination of the Commissioner of Education which suspended petitioner's license to practice medicine in New York.

Petitioner is a licensed physician engaged in the practice of anesthesiology. In April 1991, the State Board for Professional Medical Conduct initiated 11 charges of professional misconduct which stemmed from petitioner's treatment of patients A, B, C, D, E and F, and his written applications for privileges at two hospitals. Specifically, petitioner was charged with practicing the profession with gross negligence, gross incompetence, negligence on more than one occasion, incompetence on more than one occasion, fraudulently and while impaired by mental disability, failing to maintain adequate records, willfully making a false report and moral unfitness to practice medicine. An administrative hearing on the charges was held after which a Hearing Committee sustained the specifications charging petitioner with practicing the profession with negligence on more than one occasion (with respect to patients B and F), practicing the profession fraudulently and willfully making a false statement. The Hearing Committee recommended that petitioner receive a censure and reprimand. The Commissioner of Health recommended that these findings and conclusions be accepted.

The Regents Review Committee recommended that the Board of Regents accept the findings of the Hearing Committee with some modifications, including the recommendation that 26 additional findings of fact with respect to patients A and B be accepted. It was also recommended that petitioner's license to practice medicine be suspended for three years upon each specification and that the last 27 months of said suspension be stayed and petitioner placed on probation during that time. The Board of Regents accepted the Hearing Committee's findings of fact and conclusions, as modified by the Regents Review Committee, and imposed the penalty recommended by the Regents Review Committee. An order to that effect was entered and petitioner commenced this CPLR article 78 proceeding to challenge the determination.*

Initially, petitioner asserts that substantial evidence did not support the determination that he was guilty by a preponderance of the evidence of negligence on more than one occasion

---

* Because petitioner admitted to falsely completing applications for privileges at the two hospitals, he does not challenge the determination that he was guilty of practicing the profession fraudulently and willfully making false statements.

with respect to patients A, B and F. We disagree. The record shows that petitioner was the anesthesiologist during the elective bilateral tubal ligation procedure performed on patient A on May 6, 1981. There was evidence that patient A had an upper respiratory infection with a productive cough at the time of the surgery. Approximately 10 minutes into the surgery, patient A developed bradycardia, a slowing of the heartbeat and a drop in blood pressure. Petitioner did not inform the surgeon about this episode and did not discontinue anesthetic agents on the patient until the surgical procedure was completed. After patient A's condition stabilized the bradycardia returned and patient A suffered cardiac arrest soon thereafter. The Board of Regents determined that petitioner was guilty of negligence with respect to patient A by permitting her to undergo elective surgery while suffering an upper respiratory infection and failing to notify the surgeon of the bradycardia and requesting that the procedure be stopped until the cause could be ascertained and corrected. Because there is sufficient evidence and expert medical testimony to support these conclusions, we conclude that respondent's determination on this point was supported by substantial evidence (see, Matter of Edelman v Sobol, 174 AD2d 896, 897, appeal dismissed 78 NY2d 1006).

Similarly, we find no error in the determination of guilt with respect to patients B and F. Petitioner was the anesthesiologist for a sesamoidectomy and resection of a bone spur performed on patient B on January 4, 1990. Petitioner admittedly mistakenly left the nitrous oxide running for the patient after the endotracheal tube had been removed and the surgical procedure had been completed. Patient B accordingly had a prolonged emergence from anesthesia. There was also evidence that the patient had a very low level of oxygen saturation in his system following the surgery and petitioner did not adequately respond to this situation. This evidence supported the determination of negligence on these charges. As for patient F, the proof indicates that petitioner administered Demerol to this patient during surgery despite the fact that, prior to surgery, patient F told petitioner she was "allergic" to it and this information was listed in patient F's chart. Nevertheless, petitioner administered Demerol to patient F during surgery because he admittedly forgot that she was allergic to it. The patient had a reaction to the Demerol and had to be treated for it. Petitioner testified that if he had remembered that patient F had a previous reaction to Demerol, he probably would not have administered it to her. This and other

evidence sufficiently support the finding that petitioner was negligent with respect to his treatment of patient F.

Next, we reject petitioner's contention that the charge that he was negligent with respect to patient A should have been dismissed because it was brought 10 years after the alleged misconduct. A mere delay in the commencement of disciplinary proceedings will not require that the determination be annulled unless the petitioner shows that actual prejudice resulted from the delay (see, Matter of Matala v Board of Regents, 183 AD2d 953, 956; see also, Matter of Sharma v Sobol, 188 AD2d 833). In this case the evidence that petitioner was guilty of negligence in his treatment of patient A was based upon hospital records, charts, the autopsy report and petitioner's own testimony. As such, petitioner has failed to demonstrate that he suffered any actual prejudice by the commencement of the disciplinary proceeding 10 years after the alleged misconduct.

Petitioner's remaining arguments have been considered and rejected. Petitioner's contention that the Board of Regents, the ultimate arbitrator of facts, exceeded its statutory authority by making additional factual findings is without merit (see, Matter of Carrera v Sobol, 163 AD2d 706, 708, affd 77 NY2d 931). Similarly meritless is petitioner's contention that the penalty imposed was disproportionate to the offenses of which he was found guilty (see, Matter of Somberg v Sobol, 178 AD2d 785, 787; Matter of Radnay v Sobol, 175 AD2d 432, 433).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.