■ In the Matter of KAY S. LAWRENCE, Petitioner, v BARBARA A. DEBUONO, as Commissioner of Health of the State of New York, et al., Respondents. [673 NYS2d 773] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In February 1996, the Bureau of Professional Medical Conduct (hereinafter BPMC) charged petitioner, a licensed physician primarily engaged in the practice of anthroposophic or homeopathic medicine, with seven specifications of misconduct. Specifically, petitioner was charged with at least one specification of practicing with negligence on more than one occasion, practicing with incompetence on more than one occasion, practicing with gross negligence on a particular occasion, failing to maintain adequate patient records, practicing medicine fraudulently and moral unfitness to practice the profession. The charges stemmed from petitioner's care and treatment of patients A and B during portions of 1986 and/or 1987.

At the conclusion of the administrative hearing that followed,

at which petitioner appeared and testified, the Hearing Committee found that petitioner failed to maintain adequate patient records for both patients A and B. Additionally, the Hearing Committee concluded that petitioner practiced with negligence on more than one occasion by failing to (1) adequately evaluate and diagnose patient A's ectopic pregnancy, (2) monitor patient B's diet, and (3) perform adequate physical examinations of both patients A and B. Finally, the Hearing Committee determined that petitioner practiced with incompetence on more than one occasion by failing to give adequate consideration to and/or recognize the implications of both patients' respective medical histories in diagnosing and treating those patients. As to penalty, the Hearing Committee revoked petitioner's license to practice, prompting petitioner to commence this CPLR article 78 proceeding to challenge the Hearing Committee's determination.

Petitioner initially contends that the underlying disciplinary proceeding should have been dismissed due to the 8½-year delay in filing the statement of charges.[1] Assuming, without deciding, that the comments made by petitioner's former counsel at the commencement of the administrative hearing may be deemed sufficient to preserve this issue for our review (*see, Matter of Choe v Axelrod,* 141 AD2d 235, 239), we nonetheless are constrained to conclude that petitioner is not entitled to dismissal of the charges upon this basis.

To be sure, "[w]here administrative delay has significantly and irreparably handicapped a private party in mounting a defense in an adversary administrative proceeding, the agency, or court reviewing a final administrative order, is authorized to dismiss the proceeding" (*Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 180, *cert denied* 476 US 1115). This Court, however, consistently has held, and the Court of Appeals has made clear, that "absent proof of actual prejudice, mere delay is not the basis for annulling a determination in a disciplinary hearing" (*Matter of Rojas v Sobol,* 167 AD2d 707, 708, *lv denied* 77 NY2d 806; *see, Matter of Monti v Chassin,* 237 AD2d 738, 740 [5 to 11-year delay]; *Matter of Matala v Board of Regents,* 183 AD2d 953, 956 [14-year delay]; *see also, Matter of Cortlandt Nursing Home v Axelrod, supra,* at 177). Although the delay here indeed is significant, our review of the record fails to substantiate petitioner's claim of actual prejudice, which primarily rests upon her assertion that her recollection of the treatment provided to patients A and B, as well

---

1. Petitioner treated patient A from November 25, 1986 to June 30, 1987 and treated patient B from June 17, 1987 to July 25, 1987.

as patient B's recollection of the treatment rendered, have dimmed with the passage of time. Petitioner's own testimony demonstrates that she recalled with clarity the details of patient A's treatment. With respect to patient B, although petitioner admittedly could not recall certain details of the treatment rendered and patient B's testimony on this point frequently was quite vague, the Hearing Committee's findings with respect to patient B were based in large measure upon documentary evidence (or the lack thereof) (*see, e.g., Matter of Tong Seng Tjoa v Fernandez*, 194 AD2d 938, 941, *lv denied* 82 NY2d 659). As such, we cannot say that petitioner met her burden of demonstrating actual prejudice (*compare, Matter of Gold v Chassin*, 215 AD2d 18, *lv denied* 87 NY2d 805; *Matter of Sharma v Sobol*, 188 AD2d 833).[2]

Petitioner next contends that she was denied due process due to the refusal by the Administrative Law Judge (hereinafter ALJ) to grant a brief adjournment, as a result of which neither petitioner nor counsel were present for the direct examination of or conducted any cross-examination of patient B. While there can be little doubt that counsel's request was reasonable under the circumstances, it is equally apparent that counsel failed to comply with the ALJ's directives for requesting an adjournment and, further, failed to submit an affidavit of engagement as required by the applicable rules (*see*, 22 NYCRR 125.1 [e]). Having failed to follow appropriate procedures, petitioner cannot now be heard to complain. Moreover, petitioner could have promptly subpoenaed patient B, who had indicated her willingness to return for additional examination.[3]

Finally, based upon our review of the record as a whole, we cannot say that the penalty imposed is so disproportionate to the underlying offenses as to shock one's sense of fairness (*see generally, Matter of D'Amico v Commissioner of Educ.*, 167 AD2d 769, 771). Although petitioner apparently practiced without incident prior to her treatment of patients A and B, her failure to diagnose patient A's ectopic pregnancy—a potentially fatal condition (*see generally, Matter of Brown v*

---

**2.** Our conclusion that annulment is not warranted upon this basis does not diminish this Court's concern regarding BPMC's delay in bringing charges against petitioner. As this Court previously has stated, "[e]xpeditious investigation and prosecution of malpractice charges are essential to protect the public" (*Matter of Stein v Board of Regents of Univ. of State of N. Y.*, 169 AD2d 857, 859, *lv denied* 77 NY2d 810, *cert denied* 502 US 938).

**3.** Although the ALJ ultimately denied petitioner's request to recall patient B, it is apparent from the record that such ruling was the direct result of counsel's failure to recall or subpoena patient B in a timely fashion.

*New York State Dept. of Health*, 235 AD2d 957, 958, *lv denied* 89 NY2d 814)—and her failure to adequately monitor patient B's medical status, or refer her to another physician after learning of patient B's self-imposed dietary restrictions, resulted in significant health consequences for both patients. Additionally, it is apparent from a review of the Hearing Committee's determination that it specifically considered requiring petitioner to undergo retraining and monitoring but deemed such alternative to be impractical given the nature of petitioner's practice.[4] Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

4. Contrary to petitioner's assertion, we do not view the Hearing Committee's decision in this regard as evidencing a bias against homeopathic medicine. The Hearing Committee found that petitioner lacked basic clinical skills, i.e., that her underlying traditional medical skills were deficient, and, as such, petitioner would require retraining and monitoring in this area. As petitioner was not primarily engaged in a traditional medical practice, however, the Hearing Committee concluded that such retraining and monitoring was not practical. To the extent that petitioner argues on review that she could have been monitored by another physician who practiced homeopathic medicine, this argument misses the mark, as it was petitioner's basic medical skills that the Hearing Committee found to be lacking (*compare, Matter of Colvin v Chassin*, 214 AD2d 854, 855-856).