■ Todd Wadsworth, Appellant, v Eugene Beaudet, Individually and as an Officer of the Church of St. Philip of Jesus and St. Joseph's Church, et al., Defendants, and Diocese of Ogdensburg et al., Respondents. [701 NYS2d 145] —Mercure, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered April 9, 1998 in Essex County, which, *inter alia*, granted defendant Diocese of Ogdensburg's motion to dismiss the complaint against it.

Defendant Eugene Beaudet is pastor of the Church of St. Philip of Jesus in the Town of Willsboro and St. Joseph's Church in the Town of Essex, Essex County (hereinafter the churches); the churches are part of defendant Diocese of Ogdensburg. Plaintiff, the owner of an area floral business, was very active in the church, supplied the churches with flowers for holidays and church occasions and became friends with Beaudet. It appears that Beaudet loaned over $35,000 to plaintiff. When plaintiff failed to repay the loan, the relationship between plaintiff and Beaudet deteriorated. On January 20, 1997, Beaudet wrote a lengthy letter to his local Bishop, Paul Loverde, detailing the problems he had encountered with plaintiff, including plaintiff's failure to repay the loan, his failure to get along with parishioners in his former role as Grand Knight of defendant Knights of Columbus, Willsboro/Essex Council #7461, and plaintiff's personal problems such as "lack of patience, anger, weight (overweight) and that he needed to be surrounded by women all the time". In the letter, Beaudet suggested that plaintiff be dropped from the Lay Ministry program because of his actions.

In a February 1997 church bulletin, there was a notice requesting donations of flowers for Easter week and a statement that "[m]any of the flowers this year will be bought from the Grand Union". Thereafter, defendant Glen W. Petit, II, a parishioner, distributed an anonymous letter which, although

not referring to plaintiff by name, stated that "[a]mongst us is a modern times Judas" who divided the church community, "who preys on the weak and elderly * * * should not be allowed to continue in the quest of becoming a Lay Minister" and was subjecting Beaudet to "the constant torment of [his] false accusations". The letter called for parishioners to write or call Loverde and express their support for Beaudet.

Plaintiff commenced this action in July 1997. The complaint alleges, *inter alia*, four causes of action (third through sixth) against Beaudet and the churches for libel and slander arising out of his publication of the January 20, 1997 letter and other allegedly defamatory statements, an additional cause of action (seventh) alleging the Diocese's liability for Beaudet's actions under the doctrine of respondeat superior, four causes of action (eighth through eleventh) against Petit and other defendants (hereinafter collectively referred to as the Petit defendants) for libel and slander arising out of the preparation and dissemination of the anonymous letter and publication of other defamatory statements, and causes of action for intentionally malicious and tortious infliction of mental anguish and emotional distress (twelfth), prima facie tort (thirteenth) and for injunctive relief (fourteenth).

Following service of the complaint but prior to service of an answer, the Diocese moved to dismiss the complaint against it upon the ground that Beaudet is not its employee. The Petit defendants also moved to dismiss the complaint against them, citing to, among other things, plaintiff's failure to plead special damages and to comply with the pleading requirement of CPLR 3016 (a). Supreme Court granted summary judgment in favor of the Diocese and dismissed the eighth through fourteenth causes of action against all defendants. Plaintiff appeals.

Initially, we conclude that Supreme Court did not err in dismissing the complaint against the Petit defendants. First addressing the defamation causes of action, we note the general rule that libel or slander is not actionable unless the plaintiff suffers special damages, i.e., those contemplating " 'the loss of something having economic or pecuniary value' " (*Liberman v Gelstein*, 80 NY2d 429, 434-435, quoting Restatement [Second] of Torts § 575, comment *b*; *see*, Prosser and Keeton, Torts § 112, at 794 [5th ed]). In this case, plaintiff has not pleaded special damages and his defamation claims therefore cannot withstand the motion to dismiss unless they fall within one of four established exceptions, which "consist of statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profes-

sion; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman" (*Liberman v Gelstein, supra,* at 435).

Contrary to plaintiff's contention, we conclude that none of the utterances alleged to have been made by any of the Petit defendants falls within any of those exceptions. Patently, despite plaintiff's effort, the statements alleged in paragraphs 32 and 35 of the complaint to have been made by Beaudet cannot now be attributed to the Petit defendants. Further, we see nothing in the anonymous letter handed out at mass that accuses plaintiff of a crime, that relates in any way to his business or otherwise falls within any of the exceptions. Finally, the allegation of paragraph 75 of the complaint that Petit and his wife, defendant Vicki Petit, "have told and are continuing to tell various customers at [their pizzeria] that the plaintiff has stolen money from them" fails to comply with the requirements of CPLR 3016 (a) that "the defamatory words be set forth *in haec verba*" (*Conley v Gravitt,* 133 AD2d 966, 968; *see, Ramos v Madison Sq. Garden Corp.,* 257 AD2d 492) and that the pleading set forth the time, manner and persons to whom the publication was made (*see, Bell v Slepakoff,* 224 AD2d 567; *Ott v Automatic Connector,* 193 AD2d 657; *Williams v Varig Brazilian Airlines,* 169 AD2d 434, 436-437, *lv denied* 78 NY2d 854).

Briefly addressing the remaining causes of action against the Petit defendants, we agree with Supreme Court that plaintiff's failure to allege special damages was fatal to his cause of action alleging prima facie tort (*see, DiSanto v Forsyth,* 258 AD2d 497) and that the complaint fails to allege the kind of extreme or outrageous conduct necessary to support a cause of action for intentional infliction of emotional distress (*see, Howell v New York Post Co.,* 81 NY2d 115, 121, *mod* 82 NY2d 690; *Hernandez v New York City Law Dept. Corp. Counsel,* 258 AD2d 390, *appeal dismissed* 93 NY2d 957).

Turning finally to the appeal from Supreme Court's disposition of the Diocese's motion to dismiss the complaint, we are constrained to the view that Supreme Court erred in granting summary judgment in favor of the Diocese. Fundamentally, a court entertaining a motion to dismiss for failure to state a cause of action may pursuant to CPLR 3211 (c) elect to treat the motion as one for summary judgment so long as the parties have been given prior notice of the court's intention to do so or, absent such notice, when the parties have "otherwise received 'adequate notice' by expressly seeking summary judgment or submitting facts and arguments clearly indicating that they

were 'deliberately charting a summary judgment course'"
(*Mihlovan v Grozavu*, 72 NY2d 506, 508, quoting *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320). In this case, the record discloses no notice by Supreme Court of its intention to treat the motion as one for summary judgment; in fact, no party contends that any such notice was given. Further, although plaintiff made some effort to controvert the evidence presented in support of the Diocese's motion, it is clear from his opposition to the motion that there was no intention to chart a summary judgment course.

Now resolving the motion to dismiss, and limiting our analysis to the sole ground advanced on the motion (i.e., that Beaudet was not the Diocese's employee and did not in any event act within the scope of his employment), we conclude that the allegations of the complaint state a valid cause of action for vicarious liability against the Diocese based upon the doctrine of respondeat superior (*see, Riviello v Waldron*, 47 NY2d 297).

The parties' remaining contentions have either been rendered academic or have been considered and found to be unavailing.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded summary judgment in favor of defendant Diocese of Ogdensburg and dismissed the complaint against it; motion by said defendant to dismiss the complaint denied; and, as so modified, affirmed.