In the Matter of DONALD O. THAYER, as Administrator C. T. A. of the Estate of DONALD O. THAYER, Deceased, Petitioner, *v.* NORMAN F. GALLMAN et al., Constituting the State Tax Commission, Respondents.

Third Department, March 20, 1975.

*Loeb & Feinberg* (*Werner L. Loeb* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondents.

GREENBLOTT, J. This is a proceeding pursuant to CPLR article 78 to review a determination of the State Tax Commission which denied petitioner's applications for revision or refund of personal income tax for the years ending September 28, 1958 and September 30, 1960 upon the ground that said applications were not timely filed.

By a notice dated March 14, 1966, petitioner was advised that his taxes for the years in question were being recomputed to impose assessments for additional taxes. On March 13, 1967, an application for revision or refund was mailed to the State Tax Commission. The commission found that these applications were received and filed in its offices on March 15, 1967, more than one year after the recomputation, and, therefore, were untimely under section 374 of the Tax Law. Said section 374, applicable to tax years ending prior to December 31, 1960, provides in pertinent part that the Tax Commission may grant an application for revision or refund " filed with it  *  *  *  if the tax of such taxpayer shall have been recomputed  *  *  * within one year from the time of such recomputation or assessment ". Because the application was not filed within one year of the recomputation in the present case, the application was denied.

Petitioner's first contention is that a mailing on March 13, 1967 from the Borough of Queens in New York City should be presumed to have been received on March 14, based upon an affidavit of a postal official. Such a presumption is based upon mere speculation, and cannot be considered evidence tending to disprove that the application was in fact received and filed on the 15th. Petitioner asks us to assume, in effect, that the commission, either by inadvertence or design, failed to stamp his letter as received on the 14th, and urges that we find that it was received on that date. Not only is there no basis in the record for such action, but the consequences of such an approach would be far reaching and most undesirable.

Petitioner's more persuasive argument is that, since the commission is not required to give notice of an additional assessment immediately after the date upon which a recomputation or assessment is issued, the commission can arbitrarily reduce the

one-year period for filing. Thus, it is urged, the statute should be read as giving one year to file from receipt of notice. However, the statute does not contemplate that a taxpayer should get one full year's notice, and it does not appear that the actual notice petitioner had in this case was prejudicial. Since he does not allege that he received the notice an unreasonably long time after March 14, 1966, it is fair to assume that he received it a few days thereafter. Upon receiving said notice, there is no reason why he should not have known that any application or other objection would have to be on file in the offices of the commission by March 14, 1967. His late filing was due to his own failure to act more expeditiously, and while it may be somewhat harsh to deny him his " day in court " on the merits because he was one day late, we cannot overlook the deficiency. To do otherwise would be, in effect, to arbitrarily extend the Statute of Limitations in a manner which is beyond the power of this court.

Had the commission unreasonably delayed beyond March 14, 1966 in giving petitioner actual notice of the assessment, thus violating the presumable purpose of section 374, a different case would be presented. But on the facts before us here, there is no lawful reason for disturbing the determination of the commission.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.