■ In the Matter of NAIM G. MUSSALLI, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of the Commissioner of Education which, *inter alia,* suspended petitioner's license to practice medicine in New York for two years.

Petitioner, a duly licensed physician in this State since 1978, was found guilty of four of the six charges of professional misconduct filed against him. The charges found against petitioner involved: misrepresentation in his practice, for informing two maternity patients that they would be referred to St. John's Hospital and informing these patients that their babies would be delivered there when, in fact, he had no affiliation or medical privileges at that hospital at that time; misrepresentation in assuring Boulevard Hospital that he had malpractice insurance for the years 1984 and 1985 when, in fact, he did not; and abandonment of one of the two maternity patients by failing to go to St. John's Hospital to attend her when she went there in labor, pursuant to his prior instructions, and by failing to forward her medical records to St. John's Hospital, thereby endangering the health of both mother and child. Both of the patients testified at a hearing held before a committee of the State Board for Professional Medical Conduct and their testimony, which was credited by

that committee, clearly substantiated the charges. Additionally, an expert witness in maternal and fetal health, obstetrics and gynecology testified to the standard of care due and the necessity of providing a patient's records to the admitting hospital to ensure the safe delivery of a child. Petitioner did not testify. He offered the testimony of his wife, who worked in his office, and five character witnesses.

Following the hearing the committee recommended that petitioner's license be revoked. Respondent voted to adopt a modification of the discipline recommended by the Regents Review Committee to suspend petitioner's license for two years with the last 18 months of that period stayed in favor of probation. The Commissioner of Education subsequently effectuated the terms of that decision.

Petitioner then commenced this CPLR article 78 proceeding contending: that he was denied a meaningful opportunity to respond to the charges; that the charges violated the Public Health Law; that the determination was not supported by substantial evidence; that he was not guilty of fraud as a matter of law, since his misrepresentation did not involve the practice of medicine and both patients delivered live, healthy babies; and that a member of the hearing panel was biased. We find no merit in any of petitioner's contentions.

Petitioner was charged in accordance with Public Health Law § 230 (10) (a). He received notice of the material facts alleged against him without evidentiary support (Public Health Law § 230 [10] [b]) and notice of his right to "examine evidence produced against him" (Public Health Law § 230 [10] [c] [4]). Contrary to petitioner's claim, the statute does not provide authority for oral depositions or other discovery devices *(Matter of Sinha v Ambach,* 91 AD2d 703). The statutory provisions did accord procedural due process sufficient to protect his rights *(see, supra).*

The testimony of the two patients and the expert medical witness, together with the copies of the form letters and application that petitioner submitted to Boulevard Hospital, supplies substantial evidence for the determination finding petitioner guilty of practicing the profession of medicine fraudulently *(see, Matter of Claffey v Commissioner of Educ.,* 142 AD2d 845; *Matter of Reisner v Board of Regents,* 142 AD2d 22). When this test is satisfied, judicial intervention is not warranted *(Matter of Purdy v Kreisberg,* 47 NY2d 354). Petitioner's statement that he would give care and treatment to the two patients at St. John's Hospital when he knew he had no affiliation privileges there provides ample basis to find

fraud, despite the fact that the patients were not actually injured and had live babies *(see, Matter of Sherman v Board of Regents,* 24 AD2d 315, 321, *affd* 19 NY2d 679). Petitioner claims that he relied on approval of his pending application for affiliation privileges, but since there was no basis for believing that approval was assured, such reliance was not justified and does not alter the fact that petitioner made the statements at a time when he knew he had no affiliation privileges. Petitioner's claim that the fraud did not involve the practice of medicine as defined in Education Law § 6521 is meritless *(see, Matter of Chaplan v Ambach,* 91 AD2d 736; *Matter of Pepe v Board of Regents,* 31 AD2d 582).

Lastly, there is no support for petitioner's contention that the determination is tainted by the hearing committee member who is on the surgical staff of St. John's Hospital. Nothing in the record supports petitioner's claim of bias in this regard, especially since the committee member had never heard of, seen or met petitioner. The determination must, therefore, be confirmed and the petition dismissed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.