■ In the Matter of MOSHE HACHAMOVITCH, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [614 NYS2d 608] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of a Hearing Committee on Professional Conduct of respondent which, *inter alia,* suspended petitioner's license to practice medicine in New York for one year.

Petitioner is an obstetrician/gynecologist specializing in late second trimester abortions. In September 1992, petitioner was charged with nine specifications of misconduct, including practicing medicine with gross negligence, practicing medicine with negligence on more than one occasion, practicing medicine fraudulently and failing to maintain adequate patient records. The charges stemmed from petitioner's care and treatment of patients A, B and C, all of whom came to petitioner seeking abortions.

At the conclusion of the administrative hearing that followed, a Hearing Committee on Professional Conduct (hereinafter the Committee) issued a determination sustaining only the charge of practicing the profession fraudulently with respect to patient A (in violation of Education Law § 6530 [2]) and the charge of failing to maintain adequate records with respect to patients A, B and C (in violation of Education Law § 6530 [32]). As to penalty, the Committee suspended petitioner's license to practice medicine for one year, with the last 11 months of the suspension permanently stayed. Petitioner then

commenced this CPLR article 78 proceeding to challenge the Committee's determination. Petitioner's subsequent application for a stay of the order of suspension pending the outcome of this proceeding was granted by this Court.

It is well settled that our inquiry is limited to whether the determination of guilt by a preponderance of the evidence is supported by substantial evidence in the record (see, *Matter of Poulard v Commissioner of Health of State of N. Y.*, 202 AD2d 756, 758). Here, the charge of practicing medicine fraudulently stemmed from two entries made by petitioner in patient A's office record—namely, that patient A had no bleeding at all and that she had been given continuous oxygen by mask.

With respect to the entry regarding the administration of oxygen, we agree with petitioner that there simply is not sufficient evidence in the record before us to support the Committee's findings in this regard, and the charge of practicing the profession fraudulently cannot be sustained on this basis. We reach a contrary conclusion, however, with respect to the entry regarding patient A's blood loss. Although the Committee rejected testimony to the effect that patient A was bleeding heavily upon her arrival at petitioner's office on the morning in question, the Committee did find that patient A suffered a significant blood loss following the abortion procedure performed by petitioner and, in our view, there is substantial evidence in the record to support this determination.

The testimony offered by emergency medical service personnel, the drop in patient A's hematocrit and the presence of vaginal packing all support the Committee's finding that patient A indeed lost a significant amount of blood. Although petitioner presented expert testimony on the issue and attempted to limit the notation in patient A's record regarding blood loss to a specific point in time, such testimony merely presented a credibility issue for the Committee to resolve (see, *Matter of Bassim v Sobol*, 178 AD2d 787, 788, *appeal dismissed, lv denied* 79 NY2d 941; *Matter of Edelman v Sobol*, 174 AD2d 896, *appeal dismissed* 78 NY2d 1006), and the Committee was not required to accept petitioner's explanations (see, *Matter of Van Gaasbeek v Chassin*, 198 AD2d 572, 574, *lv denied* 82 NY2d 665). As respondent correctly notes, fraud may be inferred from the surrounding circumstances (see generally, *Matter of Van Gaasbeek v Chassin, supra*, at 574; *Matter of Sung Ho Kim v Board of Regents*, 172 AD2d 880, 881-882, *lv denied* 78 NY2d 856) and, based upon our review of the record as a whole, we believe that the Commit-

tee's findings in this regard are supported by substantial evidence.

As to petitioner's failure to maintain adequate records, we note that the deficiencies in patient A's record alone would be sufficient to support the Committee's findings in this regard.* With respect to patients B and C, inasmuch as there was testimony that petitioner should have recorded his observations regarding the contents of each patient's uterus following the abortion procedure, we must conclude that the Committee's determination on this point is supported by substantial evidence.

With respect to the penalty imposed, we note that the Committee did not suspend petitioner's license upon each specification of misconduct. Indeed, it appears from the Committee's decision that the penalty imposed was based upon all the sustained specifications of misconduct. Having annulled one of the two factual allegations underlying the charge of practicing the profession fraudulently, we deem it appropriate to remit this matter to the Committee for reconsideration of the penalty. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Weiss and Yesawich Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of specification No. 5 (allegation A.8) and imposed a penalty; petition granted to that extent and matter remitted to the Hearing Committee on Professional Conduct for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.

---

* Petitioner concedes in his brief that if the Committee's findings with respect to the charge of practicing the profession fraudulently are confirmed, the inadequate recordkeeping charge, insofar as it pertains to patient A, must be confirmed as well.