■ In the Matter of MOSHE HACHAMOVITCH, Petitioner, v OFFICE OF PROFESSIONAL MEDICAL CONDUCT et al., Respondents. [641 NYS2d 757] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to, inter alia, direct respondent Jonathan Brandes, as Administrative Law Judge of the State Department of Health, and/or respondent State Board for Professional Medical Conduct to decide petitioner's motion to reopen the administrative proceeding.

In August 1993, a Hearing Committee of the State Board for Professional Medical Conduct rendered a final determination sustaining findings, among others, that petitioner had practiced the profession of medicine fraudulently and failed to maintain adequate records with respect to a female patient (hereinafter patient A) by making a false entry concerning the extent of her blood loss in connection with an October 19, 1990 abortion procedure. That determination was confirmed following judicial review by this Court, although our annulment of a finding of guilt on a specification concerning another patient required remittal to the Hearing Committee on the issue of penalty

only (*Matter of Hachamovitch v State Bd. for Professional Med. Conduct*, 206 AD2d 637, *lv denied* 84 NY2d 809).

In November 1994, subsequent to the Hearing Committee's determination to leave the penalty unchanged, petitioner made application to respondent Jonathan Brandes, the Administrative Law Judge who presided over the administrative hearing on the charges against petitioner, to reopen the proceedings to permit petitioner to introduce allegedly newly discovered evidence and for an order directing respondent Office of Professional Medical Conduct to provide petitioner with all exculpatory material in its possession. Citing his lack of authority, Brandes denied the application, prompting petitioner to commence this CPLR article 78 proceeding in the nature of mandamus.

We conclude that the proceeding is lacking in merit and accordingly dismiss the petition. Fundamentally, mandamus is an extraordinary remedy, available, as against an administrative officer, only to compel the performance of a duty enjoined by law (*see*, *Klostermann v Cuomo*, 61 NY2d 525, 539-540). In view of the fact that, at the time of the instant application, both administrative and judicial review had been completed (as it pertained to the issue of petitioner's guilt of the charges concerning patient A) and there being no statutory or regulatory provision granting petitioner the right to have the proceeding reopened on newly discovered evidence, respondents were under no clear legal duty to act upon petitioner's application (*see*, *Matter of Saraf v Vacanti*, 223 AD2d 836, 838; *see also*, *Matter of Evans v Monaghan*, 306 NY 312, 323-324; *People ex rel. Finnegan v McBride*, 226 NY 252, 258-260). Moreover, even if respondents could be compelled to consider petitioner's application, petitioner has not satisfied his burden of showing, among other things, that the proffered evidence was likely to have affected the outcome of the proceeding and could not have been obtained prior to the conclusion of the evidentiary hearing in the exercise of due diligence (*see*, *Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc.*, 226 AD2d 102; *Matter of Gagliardi v Department of Motor Vehicles*, 144 AD2d 882, 883, *lv denied* 74 NY2d 606).

As a final matter, the present claim arising out of respondents' alleged withholding of exculpatory material is unpreserved by virtue of petitioner's failure to raise it in the first CPLR article 78 proceeding and is found to be meritless in any event (*see*, *Matter of Milburn v New York State Div. of Parole*, 173 AD2d 1016, 1017).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.