■ In the Matter of INES D. MONTI, Petitioner, v MARK R. CHASSIN, as Commissioner of Health of the State of New York, Respondent. (And Another Related Proceeding.) [655 NYS2d 145] —Casey, J. Proceedings pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review two determinations of the Administrative Review Board for Professional Medical Conduct which, *inter alia*, revoked petitioner's license to practice medicine in New York.

---

Following fact-finding hearings, a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Committee) sustained all nine specifications of misconduct alleged against petitioner, an obstetrician and gynecologist, relating to her treatment of three patients. The Committee revoked petitioner's medical license but stayed such revocation conditioned on petitioner's evaluation by and acceptance in the Physician Prescribed Educational Program (hereinafter PPEP), a course of retraining. The Committee determined that if petitioner successfully completed such retraining requirements, she would be placed on probation for two years.

Upon appeal to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB), the findings of misconduct were sustained. Although the ARB sustained that portion of the penalty that stayed revocation of petitioner's license and ordered that she undergo evaluation to determine the feasibility of retraining, it modified the penalty to provide, *inter alia*, that in the event petitioner was determined not to be a candidate for retraining, the case would be remanded to the Committee for additional deliberations to determine a new penalty. Petitioner commenced a CPLR article 78 proceeding (hereinafter proceeding No. 1) by amended petition to review the determinations of the Committee and the ARB.

Upon being presented with a final PPEP evaluation while proceeding No. 1 was pending, the ARB remanded the matter to the Committee to determine, based on said evaluation, whether petitioner was a candidate for retraining and, if not, to determine the appropriate penalty. The Committee found that petitioner could not be retrained and, therefore, decided to revoke petitioner's license to practice medicine. The ARB, on October 12, 1995, sustained this determination. Petitioner then commenced a second CPLR article 78 proceeding (hereinafter proceeding No. 2) in August 1996 to review the October 1995 determination.

Initially, we find that proceeding No. 2 must be dismissed as it is barred by the four-month Statute of Limitations (*see*, CPLR 217; *see also*, Public Health Law § 230-c [5]). Contrary to petitioner's contention, her requests for adjournments to obtain counsel did not serve to extend the limitations period, which, in any event, is beyond the power of this Court (*see*, *Matter of Thayer v Gallman*, 47 AD2d 170, 172, *appeal dismissed* 37 NY2d 740; *Padova v Eckhardt*, 118 Misc 2d 853, 855). The limitations period began to run, at the latest, on October 19, 1995 (*see*, Public Health Law § 230 [10] [h]). Because petitioner did not commence proceeding No. 2 until August 1, 1996, the

proceeding was clearly untimely and any issues raised with respect thereto cannot be reviewed by this Court. As proceeding No. 1 was appropriately commenced after the ARB issued its July 1994 final and binding determination, we will restrict our discussion to the issues presented therein.

Petitioner's challenge to the July 1994 ARB determination, as limited by her petition, does not dispute the findings of guilt, but essentially alleges that the determination should be annulled on the ground that she was denied a fair hearing. She first contends that her ability to present a defense was prejudiced by the passage of time from when the events occurred to when the charges were brought—more than five years for patients A and B and almost 11 years for patient C. As there is no Statute of Limitations governing the initiation of a disciplinary proceeding (*see, Matter of Gold v Chassin*, 215 AD2d 18, 20, *lv denied* 87 NY2d 805), petitioner must demonstrate that she was actually prejudiced by the claimed delay in order to prevail on her claim (*see, Matter of Hubsher v De-Buono*, 232 AD2d 764, 765; *Matter of Moss v Chassin*, 209 AD2d 889, 890, *lv denied* 85 NY2d 805, *cert denied* 516 US 861; *see also, Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 180, *cert denied* 476 US 1115). Specifically, petitioner alleges that her records had deteriorated over time, her recollections of the events had diminished and her defense was hindered with respect to patient C by the death of three physicians who were involved in that charged incident. Since the record indicates that petitioner was able to fully contest the allegations against her by submitting into evidence complete office and hospital records of all three patients, and the Committee determined that the three physicians did not treat patient C, petitioner has failed to meet her burden of showing that actual prejudice resulted from the delay (*see, Matter of Moss v Chassin, supra*, at 890).

Petitioner also contends that she was improperly precluded from questioning one of the Committee members for evidence of bias because the Committee member had been a resident at a hospital where petitioner was a clinical assistant. Prior to the commencement of the hearing, however, the Committee member stated that she was unfamiliar with the cases of all three patients and did not have any kind of personal or professional relationship with petitioner during her residency at said hospital. This was a sufficient investigation to ascertain the relationship between petitioner and the Committee member and, therefore, further questioning by petitioner's counsel was unwarranted.

Petitioner's remaining contentions are either unpreserved for our review or lack merit.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Adjudged that the determination, in proceeding No. 1, is confirmed, without costs, and petition dismissed. Adjudged that the petition, in proceeding No. 2, is dismissed, without costs.