■ In the Matter of JOHN D. CODERRE, Petitioner, v BARBARA DeBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [669 NYS2d 440] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which, inter alia, revoked petitioner's license to practice as a physician's assistant in New York.

Petitioner, a registered physician's assistant, was charged with misconduct arising from his alleged sexual abuse or

harassment of six female patients (hereinafter patients A through F), all participants in a methadone maintenance program operated by the Nassau County Department of Drug and Alcohol Substance Alternative Clinic, where petitioner had been employed since 1977. The charges included willfully harassing or abusing each of the patients, either physically or verbally (six specifications), engaging in conduct evidencing moral unfitness to practice medicine (six specifications) and practicing the profession fraudulently (three specifications). After a hearing, during which the charges relating to patient E were withdrawn, the Hearing Committee voted to sustain all of the remaining charges (except those of threatening, sexually abusing and practicing fraudulently with respect to patient B) and to revoke petitioner's license.

The Administrative Review Board for Professional Medical Conduct (hereinafter ARB), asked by petitioner to reverse the Hearing Committee's findings and conclusions on various procedural and substantive grounds, and by the Bureau of Professional Medical Conduct (hereinafter BPMC) to consider imposing a fine in addition to the revocation, upheld the determination in all respects. Petitioner thereafter commenced this CPLR article 78 proceeding seeking annulment of the ARB's determination.

In view of the Administrative Officer's specific instruction to the Hearing Committee that it was to entirely disregard patient A's testimony, due to her failure to appear for cross-examination, and the Hearing Committee's manifest compliance with that directive, petitioner's contention that he was denied a fair hearing by reason of the Administrative Officer's initial decision to permit patient A to testify by telephone is unavailing (see, Matter of Laguerre v Glass, 243 AD2d 826, 827). Nor must respondents' findings with respect to patients A and C be repudiated merely because they are based solely on hearsay statements, including the patients' written and verbal complaints to clinic personnel and others. Such evidence, being relevant, probative and believable, constitutes substantial evidence of misconduct (see, Matter of Tsakonas v Dowling, 227 AD2d 729, 730, lv denied 88 NY2d 812; Matter of Damino v Board of Regents, 124 AD2d 271, 273, lv denied 70 NY2d 613).

Petitioner has likewise failed to demonstrate how he was prejudiced by the fact that several of the allegations involve conduct that purportedly occurred three to five years before the charges against him were lodged. His conclusory assertions that the delay impeded his ability to investigate and prepare a defense are insufficient to establish a right to annulment on

this ground (see, *Matter of Monti v Chassin*, 237 AD2d 738; *Matter of Hubsher v DeBuono*, 232 AD2d 764, 765, *lv denied* 89 NY2d 810; *Matter of Rojas v Sobol*, 167 AD2d 707, 708, *lv denied* 77 NY2d 806).

And, petitioner waived any claim that the outcome of the hearing was affected by bias on the part of the Hearing Committee chairperson when, after being informed that the latter was acquainted with one of the BPMC's witnesses, petitioner affirmatively stated, through counsel, that he had no problem with continuing the hearing under those circumstances (see, *Matter of Kabnick v Chassin*, 223 AD2d 935, 936, *affd* 89 NY2d 828). This claim would fail in any event, for there is no indication that the outcome of the hearing flowed from the alleged bias (see, *id.*, at 936-937; see also, *Matter of Binenfeld v New York State Dept. of Health*, 226 AD2d 935, *lv dismissed* 88 NY2d 1052).

As to the merits of the determination, petitioner asserts that it must be annulled because there is no evidentiary foundation in the record for the Hearing Committee's findings that he acted with the requisite lascivious intent; he also maintains that the ARB erred in failing to consider, or to properly weigh, the evidence submitted in his defense. We are not convinced. The Hearing Committee's findings that petitioner made suggestive and inappropriate comments to patients A, B and C, repeatedly hugged patient C, pressed his body against those of patients A and D, and touched patient F's breasts and thighs for no legitimate medical purpose provide ample basis for concluding that he acted willfully and for the sole purpose of personal gratification (see, *Matter of Murray v Chassin*, 213 AD2d 858, 860). Moreover, despite petitioner's efforts to asperse BPMC's patient witnesses, by emphasizing their criminal and psychiatric histories and that they were present or former drug addicts, the Hearing Committee nevertheless found them generally credible and rejected petitioner's contrary testimony, as well as his attempt to proffer innocent explanations for his actions. The record furnishes no basis for rejecting those findings, which are entitled to substantial deference (see, *Matter of Brigham v DeBuono*, 228 AD2d 870, 871, *lv denied* 89 NY2d 801).

The remainder of petitioner's contentions, including those relating to BPMC's refusal to disclose certain documents and to the propriety of the Administrative Officer's evidentiary rulings, have been considered and found meritless (see, e.g., *Matter of Hachamovitch v Office of Professional Med. Conduct*, 227 AD2d 686, 687, *lv denied* 88 NY2d 814; *Matter of Morrissey v*

*Sobol*, 176 AD2d 1147, 1150, *lv denied* 79 NY2d 754). Lastly, we are not inclined to disturb the penalty imposed for these serious breaches of patient trust and confidence (*see, Matter of Jadoo v DeBuono*, 235 AD2d 644, 645; *Matter of Lombardo v DeBuono*, 233 AD2d 789, 793; *Matter of Rudell v Commissioner of Health of State of N. Y.*, 194 AD2d 48, 52, *lv denied* 83 NY2d 754).

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.