■ In the Matter of Mark B. Morrison, Petitioner, v Barbara A. DeBuono, as Commissioner of the New York State Department of Health, et al., Respondents. [680 NYS2d 703] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician engaged in the practice of psychiatry, challenges a determination of a Hearing Committee of the State Board for Professional Medical Conduct finding him guilty of 33 specifications of misconduct* in connection with his treatment of seven patients (identified as patients A through G). At the hearing, patients A, D and G all testified that they had sexual relations with petitioner while they were his patients; patients A and B testified that during "relaxation training" petitioner told them to visualize themselves naked; patients B, C and G testified that petitioner touched their breasts while purporting to listen to their hearts with a stethoscope; patients B, C, D and E testified that petitioner

---

* Specifically, petitioner was found guilty of negligence on more than one occasion (Education Law § 6530 [3]), gross negligence (Education Law § 6530 [4]), the fraudulent practice of the profession (Education Law § 6530 [2]), engaging in sexual conduct with a patient (Education Law § 6530 [44]), moral unfitness (Education Law § 6530 [20]), the willful harassing, abusing or intimidating of a patient (Education Law § 6530 [31]) and failing to maintain accurate records (Education Law § 6530 [32]).

invited them to stay over at his house; and patients B, D, E and G all testified that during therapy, petitioner revealed to them personal information about himself. Making no claim that, if credited, the witnesses' testimony did not provide an adequate evidentiary basis for the Committee's findings, petitioner nonetheless contends that the determination is not supported by substantial evidence (*see, Matter of Gross v DeBuono*, 223 AD2d 789; *Matter of Adler v Bureau of Professional Med. Conduct*, 211 AD2d 990) because their testimony is not worthy of belief. We disagree.

Fundamentally, the power to determine the credibility of lay and expert hearing witnesses lies in the administrative fact finder, which has the opportunity to view and assess their demeanor (*see, Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, 958, *lv denied* 89 NY2d 814; *Matter of Gross v DeBuono, supra*, at 790). In this case, the Committee made explicit findings that the witnesses who testified on behalf of the State Board for Professional Medical Conduct were credible and that petitioner (the sole witness testifying on his behalf) was not. Under the circumstances, petitioner's attack on the credibility of the adverse witnesses is wholly unavailing. Patently, the mere fact that a patient has a psychiatric problem or suffers from alcohol or drug dependency does not render his or her testimony incredible as a matter of law (*see, Matter of Coderre v DeBuono*, 247 AD2d 793). As cogently noted by respondents, to hold otherwise would deprive all psychiatric patients of the opportunity to proffer misconduct charges against their medical providers. We are also unimpressed with the arguments that the witnesses' testimony should be discounted because of any delay in reporting petitioner's misconduct, because of purported inconsistencies in their testimony or because their testimony appeared to have been "rehearsed".

As a final matter, we reject petitioner's attack on the severity of the penalty imposed. This Court has repeatedly found revocation to be the appropriate penalty where a physician has violated the fundamental trust placed in him by having a sexual relationship with a patient (*see, Matter of Finelli v Chassin*, 206 AD2d 717, 719; *Matter of Rudell v Commissioner of Health*, 194 AD2d 48, 52, *lv denied* 83 NY2d 754).

Yesawich Jr., Peters, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.