■ In the Matter of STEVEN KASHAN, Petitioner, v BARBARA A. DeBuono, as Commissioner of the New York State Department of Health, Respondent. [692 NYS2d 206] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

On October 28, 1997, the Bureau of Professional Medical Conduct charged petitioner, a licensed physician specializing in orthopedics, with professional misconduct, two specifications of willfully harassing, abusing or intimidating a patient either physically or verbally, and two specifications of moral unfitness to practice medicine. These charges stemmed from petitioner's alleged inappropriate sexual contact with two female patients, A (a 17-year-old high school student at the time) and B (a police officer on disability), which occurred in 1986 and 1995, respectively.

A hearing was conducted, after which the Hearing Committee of the Board (hereinafter the Committee) found that petitioner had committed the misconduct alleged, sustained all four specifications and revoked petitioner's license to practice medicine. Petitioner commenced this CPLR article 78 proceeding to annul the Committee's determination.

Although petitioner maintains that he was substantially prejudiced by the delay of 11 years between the charged misconduct with patient A and the commencement of these proceedings, he has not established that he endured actual prejudice as a result (*see, Matter of Lawrence v DeBuono*, 251 AD2d 700, 702; *Matter of Monti v Chassin*, 237 AD2d 738, 740; *Matter of Rojas v Sobol*, 167 AD2d 707, 708, *lv denied* 77 NY2d 806); he has not shown that witnesses familiar with his office chaperone policy—a core defense to the charges—were not available to testify at the hearing, but would have been had the hearing been expeditiously commenced.

Furthermore, the record evidence amply supports the Committee's determination. The Committee credited the testimony of patient A, who testified that at three of the four examinations of her conducted by petitioner (she had difficulty with her knees) another of his employees was present, but on her fourth visit petitioner and patient A were alone and she recounted in explicit detail for the Committee how petitioner fondled her breasts, buttocks and vaginal region. Not insignificantly, despite the passage of time, her testimony at the hearing was consistent with a written statement she had furnished police within days of the occurrence of this incident. Moreover, her testimony was corroborated by that of her now husband (then boyfriend) to whom she had promptly reported petitioner's unseemly treatment of her.

Because patient B, a police officer, did not take immediate action against petitioner, the Committee deemed her less credible and reliable than patient A, but found the similarity in patient A's testimony and patient B's testimony respecting the specific acts of sexual improprieties they had undergone, which occurred eight years apart, nevertheless supportive of the fact that the events testified to by B had indeed taken place. While petitioner takes umbrage at this finding, it is not an unreasonable one and, hence, we defer to the Committee's determination.

By contrast, the Committee unequivocally found petitioner not credible, evasive and lacking in candor, and his total lack of recall of any information regarding patient A, except a petitioner's "fabrication" that she was on drugs and had attempted to have him prescribe narcotics for her, contrived and reprehensible. Finally, the Committee found unconvincing petitioner's primary defense to the allegations: that such conduct could not have occurred because his office chaperone policy was such that he was never left alone with his patients. Again, given the deference this Court affords the Committee's

determination concerning issues of witness credibility and the weight to be accorded to evidence presented (*see, Matter of Moore v State Bd. for Professional Med. Conduct*, 258 AD2d 837, 838; *Matter of Adler v Bureau of Professional Med. Conduct*, 211 AD2d 990, 991), we find that substantial evidence supports the Committee's determination. And inasmuch as petitioner, a physician, has been found to have "engaged in inappropriate sexual contact with his patients", we are not disposed to say that the penalty imposed is disproportionate to the offense (*Matter of Tames v DeBuono*, 257 AD2d 784, 786; *see, Matter of Reddy v State Bd. for Professional Med. Conduct*, 259 AD2d 847, 850).

We have considered petitioner's remaining arguments and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.