■ In the Matter of DAN G. ALEXANDER, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [731 NYS2d 797] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In November 1999, respondent charged petitioner, a physician Board-certified in internal medicine, with 21 specifications of misconduct alleging, insofar as is relevant to this proceeding, that petitioner engaged in conduct evidencing moral unfitness to practice medicine, willfully abused or harassed a patient, practiced the profession with negligence on more than one occasion and failed to maintain adequate patient records. The charges stemmed from, *inter alia*, petitioner's care and treatment of patients C, D and E. Specifically, it was alleged that petitioner failed to perform adequate breast examinations of patients C and D and, further, that he touched such patients' breasts in a manner that was not medically justified. Additionally, it was alleged that petitioner inappropriately touched patient D's vaginal area and, with respect to patient E, that petitioner failed to conduct a complete physical examination of the patient and obtain and/or document a complete medical history, notwithstanding the fact that such patient treated with petitioner for well over a year.

Following a hearing before a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Committee), at which petitioner, the subject patients and various experts appeared and testified, the Committee sustained the specifications relating to the improper touching of patients C and D and petitioner's failure to perform adequate breast examinations on those patients, the failure to maintain adequate patient records as to patients C and E and the failure to conduct a complete physical examination of and obtain/document a complete medical history for patient E. As to penalty, the Committee voted to revoke petitioner's license to practice medicine in New York.

Petitioner thereafter sought review from the Administrative Review Board for Professional Medical Conduct (hereinafter the ARB), contending that the Committee erred in barring one of petitioner's attorneys from the hearing, unduly restricted cross-examination of the various patients and improperly rejected the testimony offered by petitioner's medical office assistant. Petitioner also asserted that the Committee's findings as to patient E were inconsistent and, finally, that the Committee made an improper psychological diagnosis of petitioner and allowed such diagnosis to influence its decision as to penalty. The ARB declined to address petitioner's procedural challenges and left undisturbed the Committee's credibility and factual determinations. As to the penalty issue, although the ARB agreed that the Committee's reasoning was flawed, it nonetheless was of the view that petitioner's sexual misconduct warranted revocation of his license. Petitioner thereafter commenced the instant proceeding in this Court to challenge the ARB's determination.

The various arguments raised by petitioner on review do not warrant extended discussion. As to the claimed procedural errors, " '[i]t is well established that an administrative determination may only be annulled where prejudice so permeates the underlying hearing as to render it unfair' " (*Matter of Singh v New York State Bd. for Professional Med. Conduct*, 235 AD2d 958, 960, quoting *Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 824). No such showing has been made here. The Committee's decision to bar from the proceeding one of petitioner's four attorneys who, the record reflects, was not admitted to practice in New York, did not deprive petitioner of a fair hearing. Petitioner indeed was represented by counsel throughout the hearing and, in any event, "the constitutional right to effective assistance of counsel does not extend to administrative proceedings of this type" (*Matter of Lewis v DeBuono*, 257 AD2d 787, 788).

Petitioner's assertion that his cross-examination of certain patients regarding their contact with patient E's malpractice attorney and their exposure to media coverage surrounding such lawsuit was unduly restricted is equally unpersuasive. Counsel for petitioner never questioned patient C about any media accounts that she may have read, and his questions to her regarding her contact with patient E's attorney were not objected to or curtailed in any manner. No questions on this topic were posed to patient D, and any curtailment in the cross-examination of patient E is irrelevant given the Committee's rejection of her testimony.

To the extent that petitioner challenges the sufficiency of the evidence, suffice it to say that even a cursory review of the record discloses sufficient evidence to support the sustained charges. Patients C and D testified at length regarding the "examination" conducted by petitioner during their respective office visits. In addition, the testimony offered by respondent's expert, Ian Frankfort, detailed the deficiencies in petitioner's care and treatment of such patients, as well as the inadequacies in petitioner's recordkeeping skills. Similarly, Frankfort's testimony regarding petitioner's failure to obtain and/or document a complete medical history from and examination of patient E was sufficient to sustain the specifications relating to inadequate patient records and negligence on more than one occasion. Although petitioner essentially contends that the witnesses testifying on his behalf were more credible than Frankfort and the subject patients, both the Committee and the ARB were free to resolve such credibility issues in favor of respondent—a determination that we will not disturb.

As to the issue of penalty, the ARB agreed with petitioner that the Committee's rationale underlying its decision to revoke petitioner's license to practice medicine was flawed but nonetheless determined that petitioner's demonstrated misconduct warranted revocation of his license. Based upon our review of the record as a whole, we cannot say that the ARB's determination in this regard is erroneous. Indeed, this Court repeatedly has upheld the penalty of revocation where, as here, the subject physician is found to have engaged in misconduct of a sexual nature with patients (see, e.g., Matter of Slakter v DeBuono, 263 AD2d 695, 698; Matter of Kashan v DeBuono, 262 AD2d 817, 819). To the extent that petitioner suggests that the Committee's factual findings were influenced by its belief that petitioner suffered from "a deep seated psychological problem," we find no evidence to support this theory. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P. J., Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.