■ In the Matter of BARRY L. SINGER, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [733 NYS2d 301] —Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which, *inter alia*, revoked petitioner's license to practice medicine in New York.

The Hearing Committee of the State Board for Professional Medical Conduct sustained, either fully or partially, seven of the eight specifications of misconduct that arose from petitioner's psychiatric treatment of patient A over a period of more than 20 years. Petitioner's license was revoked and a fine in the amount of $80,000 was imposed. Petitioner now challenges this determination and penalty, contending that the sustained charges are not supported by substantial credible evidence and that the penalty is excessive.

The scope of our review of a determination of the Hearing Committee is limited to whether it is supported by substantial evidence (*see, Matter of Richstone v Novello*, 284 AD2d 737; *Matter of Reddy v State Bd. for Professional Med. Conduct*, 259 AD2d 847, 849, *lv denied* 93 NY2d 813). We are also mindful that the assessment and resolution of conflicting evidence and witness credibility are within the exclusive province of the Hearing Committee (*see, Matter of Barad v State Bd. for Professional Med. Conduct*, 282 AD2d 893, 894; *Matter of Reddy v State Bd. for Professional Med. Conduct, supra*, at 849; *Matter of Morrison v DeBuono*, 255 AD2d 710, 711).

Petitioner primarily contends that the Hearing Committee acted arbitrarily and capriciously in crediting the testimony of patient A regarding his relationship with her. Patient A testified that she had a sexual relationship with petitioner for 20 of the 24 years that she was in treatment with him, that the sexual encounters usually occurred during scheduled therapy sessions, but that on some occasions they took place at her home, and that petitioner billed for his time with her even when only sexual encounters occurred. Other evidence established that petitioner had failed to meet accepted standards of psychiatric practice in his treatment of patient A and supervision of her medication when she was contemplating suicide. Reflecting the close scrutiny to which patient A's testimony was subjected in light of petitioner's testimony that no sexual encounter occurred until his treatment of patient A had ceased, the Hearing Committee partially sustained the five specifications of sexual contact, negligence, moral unfitness and fraudu-

lent practice as to the years 1994 through 1996. Supporting the two charges that were fully sustained—failing to maintain records and revealing patients' personal information—is petitioner's testimony that he had made no notes of his treatment of patient A for most of the years that he treated her, and that he had asked her to contact some of his patients and help him write prescriptions for others, in the course of which confidential patient information was disclosed. In view of the foregoing and our deference to the Hearing Committee's assessments of witness credibility (*see, Matter of Tames v DeBuono*, 257 AD2d 784, 786), we find that the record contains substantial evidence supporting the sustained charges (*see, Matter of Reddy v State Bd. for Professional Med. Conduct, supra*, at 850; *Matter of Gross v DeBuono*, 223 AD2d 789). Petitioner's remaining contentions as to the sustained charges have been examined and found to be lacking in merit.

As to petitioner's argument that the penalty of license revocation and an $80,000 fine was excessive and an abuse of discretion, we note that he was found to have had repeated sexual contact with a patient, and this Court has uniformly upheld license revocation as the proper penalty for such misconduct (*see, Matter of Kashan v DeBuono*, 262 AD2d 817, 819; *Matter of Reddy v State Bd. For Professional Med. Conduct, supra*, at 850; *Matter of Morrison v DeBuono, supra*, at 711). For similar reasons, imposition of the maximum permissible fine was appropriate under the circumstances (*see, Matter of Corines v State Bd. for Professional Med. Conduct*, 267 AD2d 796, 800, *lv denied* 95 NY2d 756). However, there clearly was an error in its calculation since the Hearing Committee's determination stated that the maximum fine was being imposed for each sustained charge. As only seven specifications were sustained, the amount of the fine must be reduced to $70,000.

Mercure, J. P., Crew III, Peters and Lahtinen, JJ., concur. Adjudged that the determination is modified, on the law, without costs, by reducing the amount of the fine imposed to $70,000, and, as so modified, confirmed.