■ In the Matter of EDUARDO A. SANCHEZ, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [739 NYS2d 855] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a board-certified internist with a practice in the Village of Lawrence, Nassau County, was charged by the Bureau of Professional Medical Conduct with numerous violations of the Education Law. Following a hearing, a Hearing Committee for the State Board for Professional Medical Conduct (hereinafter Committee) sustained those charges alleging that petitioner willfully harassed or abused two patients, engaged in conduct evincing moral unfitness with respect to those patients and failed to maintain adequate records. The Committee suspended petitioner's license for 30 days and imposed a term of 5 years' probation.

Upon appeal to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB), the Committee's factual findings with regard to the charges sustained were upheld. However, the ARB overturned a portion of the Committee's determination by sustaining a charge of fraudulent practice and by revoking petitioner's medical license. As a consequence, petitioner commenced this CPLR article 78 proceeding to annul the ARB's determination.

Initially, we reject petitioner's contention that the summary suspension of his medical license was illegal, the prejudicial effect of which deprived him of a fair hearing. Petitioner failed to raise this issue before the ARB and, thus, it is not preserved for our review (*see, Matter of Moore v State Bd. for Professional Med. Conduct*, 258 AD2d 837, 844). Moreover, inasmuch as petitioner unsuccessfully challenged the summary suspension in Supreme Court, he is collaterally estopped from doing so here (*cf., Matter of Carella v Collins*, 272 AD2d 645, 647).

With regard to petitioner's contention that he was deprived of a fair hearing by reason of references to criminal complaints, the testimony of the police officers who interviewed and took statements of the patients at issue and the introduction of such statements into evidence, suffice to say that counsel for petitioner made no objections in this regard. Indeed, the record reflects that counsel for petitioner introduced the relevant statements into evidence and used them to attack the credibility of the patients at issue. In any event, even assuming that any procedural errors occurred, we certainly cannot say that such errors resulted in prejudice which so permeated the hearing as to render it unfair (*see, Matter of Singh v New York State Bd. for Professional Med. Conduct*, 235 AD2d 958, 960). We have considered petitioner's remaining contentions and find them equally without merit.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.