In the Matter of KILDARE CLARKE, Petitioner, v NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT et al., Respondents. [771 NYS2d 255]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (initiat-

ed in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of respondent State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed physician, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with 13 specifications of misconduct including, insofar as is relevant to the instant proceeding, gross negligence, negligence on more than one occasion, fraudulent practice, filing a false report, failure to comply with Public Health Law § 3330 and moral unfitness. The charges stemmed from petitioner's treatment of five patients between 1992 and 2000, together with the submission of an inaccurate curriculum vitae that petitioner provided in conjunction with BPMC's investigation. Following a hearing, at which petitioner and various experts appeared and testified, a Hearing Committee found petitioner guilty of the foregoing charges and revoked petitioner's license to practice medicine. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the Committee's determination.*

Petitioner initially contends that the Committee's determination is not supported by substantial evidence in the record as a whole. We cannot agree. Petitioner's conduct in providing patient A, who had a history of psychiatric disorders and was using marihuana, with two illegal prescriptions for cannabis sativa, together with his failure to recognize and evaluate the seriousness of patient C's condition and to stabilize patient D, who was suffering from heavy vaginal bleeding, before turning her over to the hospital's OB/GYN service was more than sufficient to sustain the charges of gross negligence and practicing with negligence on more than one occasion. To the extent that petitioner's expert provided testimony contrary to that offered by BPMC's expert, this conflict in the evidence presented a credibility issue for the Committee to resolve (*see Matter of Singer v Novello*, 288 AD2d 777 [2001]).

With regard to the remaining specifications, petitioner, as noted previously, issued two illegal prescriptions to patient A for cannibis sativa in violation of Public Health Law § 3330 and did so knowing that patient A's motivation for obtaining the prescriptions was to avoid the legal consequences of his marihuana use. Petitioner also assisted patient A in deceiving patient A's probation officer by representing to that individual that the prescriptions issued were "official" and that there was

---

* Petitioner's subsequent application for a stay pending resolution of this proceeding was denied.

a federal law that authorized petitioner to write such prescriptions. Such conduct is, in our view, sufficient to sustain the charges of fraudulent practice, moral unfitness and failure to comply with Public Health Law § 3330.

We reach a similar conclusion with regard to petitioner's submission of an inaccurate curriculum vitae to Mary Malone, an investigator for the Office of Professional Medical Conduct, in March 2001. Petitioner's own testimony reveals that he knew that the information contained in his curriculum vitae was inaccurate when he provided that document to Malone in March 2001, and Malone testified that petitioner failed to alert her to any discrepancies or inaccuracies in the document at that time. The fact that petitioner corrected the errors and omissions some five months later is of no moment, as petitioner's knowing submission of an inaccurate document is sufficient to sustain the charges of false reporting, fraudulent practice and moral unfitness. Petitioner's remaining arguments, including his assertion that the penalty of revocation is excessive, have been examined and found to be lacking in merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

